1   COOLEY LLP
    MICHELLE C. DOOLIN (179445) (mdoolin@cooley.com)
2   DARCIE A. TILLY (239715) (dtilly@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA 92121
    Telephone:   (858) 550-6000
4   Facsimile:    (858) 550-6420

5   COOLEY LLP
    PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
6   BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
    3175 Hanover Street
7   Palo Alto, CA  94304-1130
    Telephone:   (650) 843-5000
8   Facsimile:    (650) 849-7400

9   Attorneys for Defendant
    Apple Inc.

10

                        UNITED STATES DISTRICT COURT
11
                      NORTHERN DISTRICT OF CALIFORNIA
12

13

14   DEONN MORGAN, LYDIA ZEPEDA,            Case No. 4:17-cv-5277-RS
     SOPHIA IVY, KELLY OKOROCHA, and
15   JENNIFER ZIELINSKI, individually and on   **DEFENDANT APPLE INC.'S NOTICE OF
     behalf of themselves and all others similarly   MOTION AND MOTION TO DISMISS
16   situated,                                PLAINTIFFS' CLASS ACTION COMPLAINT;
                                              MEMORANDUM OF POINTS AND AUTHORITIES
                        Plaintiffs,           IN SUPPORT THERETO**
17
          v.                                  **DATE:**   March 1, 2018
18                                            **TIME:**   1:30 p.m.
     APPLE INC.,                              **DEPT.:**  Courtroom 3 - 17th Floor
19                                            **JUDGE:**  Hon. Richard Seeborg
                        Defendant.
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ....................................................... ix

STATEMENT OF RELIEF SOUGHT ............................................................................. ix

STATEMENT OF ISSUES TO BE DECIDED .................................................................. ix

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I.      INTRODUCTION. ............................................................................................. 1

II.     BACKGROUND AND STATEMENT OF FACTS. .................................................. 2

        A.      Allegations Regarding Plaintiffs' Experiences with Powerbeats. ........... 3

        B.      Apple's One-Year Limited Warranty. ................................................... 5

        C.      Litigation History and Plaintiffs' Causes of Action. .............................. 5

                1.      Fraud-Based Claims Based on Apple's Advertising and Marketing. .......... 5

                2.      Warranty Claims. ........................................................................ 5

                3.      Negligence Claim. ....................................................................... 6

                4.      Equitable Claim. ......................................................................... 6

III.    LEGAL STANDARDS. ...................................................................................... 6

        A.      Federal Rule of Civil Procedure 12(b)(1). ............................................ 6

        B.      Federal Rule of Civil Procedure 12(b)(6). ............................................ 6

        C.      Federal Rule of Civil Procedure 9(b). ................................................... 7

IV.     THE COMPLAINT FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED ..... 7

        A.      Plaintiffs' UCL, CLRA, FDUTPA, PUTPCPL, and Common Law Fraud
                Claims (Counts VII-XIII) Are Not Well Pled ........................................ 7

                1.      Rule 9(b) Applies to Counts IVV-XIII. .......................................... 7

                2.      Plaintiffs Do Not Allege Facts with Particularity to Support Their
                        Conclusory Reliance Allegations. .................................................. 8

                3.      Plaintiffs Do Not Allege Any Actionable Misrepresentation with
                        Sufficient Particularity. ............................................................... 9

                        a.      "Sweat and Water Resistant" Allegations Are Insufficient. .......... 10

                        b.      Battery Life Allegations Are Insufficient. .................................. 10

                        c.      Durability Allegations Are Insufficient. .................................... 11

                4.      Plaintiffs Do Not Allege an Actionable Omission with Particularity........ 12

        B.      Additional Reasons Plaintiffs' CLRA Claim (Count VIII) Is Not Well Pled. ...... 13

        C.      Plaintiffs' Express Warranty Claim (Count II) Is Not Well Pled. ...................... 13

                1.      Plaintiffs Fail to Plead Pre-Suit Notice. ........................................ 14

                2.      Apple's One Year-Limited Warranty Does Not Cover the Alleged
                        Sweat and Water Resistance, or Battery Issues. .............................. 14

                3.      Even if the One-Year Warranty Did Apply, Plaintiffs Fail to
                        Adequately Plead that Apple Breached It. ...................................... 15

**TABLE OF CONTENTS**
(continued)

Page

4.     Sweat and Water Resistance Allegations Are Insufficient. ......................16

5.     Battery Life Allegations Are Insufficient. ..................................17

D.     Plaintiffs' Pennsylvania and Florida Express Warranty Claims (Count III) Are Not Well Pled..................................................................................17

E.     Plaintiffs' Implied Warranty Claims (Counts IV-VI) Are Not Well Pled............18

    1.     The Song-Beverly Consumer Warranty Act Claim (Count IV) Fails to State a Claim. ..................................................................................18

    2.     Implied Warranty of Merchantability Claims under Pennsylvania and Florida Law (Count VI) Similarly Fail to State a Claim. ..........................19

    3.     Plaintiffs' Breach of Warranty Against Redhibitory Defects Claim (Count VII) Under Louisiana Law Fails to State a Claim. ......................19

      a.     Plaintiffs Failed to Provide Apple with Pre-Suit Notice...............20

      b.     Plaintiffs' Claim Is Barred By the Limitations Period..................20

F.     The Magnuson-Moss Warranty Act Claims (Counts I and V) Fall with the State Law Claims. ..................................................................................20

G.     Plaintiffs' Negligence Claim (Count XIV) Is Not Well Pled. ..............................21

H.     Unjust Enrichment Claim (Count XV) Cannot Be Sustained as Independent Causes of Action. ..................................................................................21

I.     Ivy and Okorocha's Claims Are Implausible and Should Be Dismissed. ............21

V.     PLAINTIFFS LACK ARTICLE III STANDING TO BRING THE FULL SCOPE OF CLAIMS PLEAD..................................................................................22

A.     Plaintiffs Lack Standing to Bring Claims Based on Apple's Alleged Representation That Powerbeats 2 and 3 Are "Sweat and Water Resistant." .......22

B.     The Pennsylvania, Florida, and Louisiana Plaintiffs Lack Standing to Bring Claims With Respect to Powerbeats 3..................................................23

C.     Plaintiffs Lack Standing to Pursue Injunctive Relief Related to Selling and Marketing in the Future. ..................................................................................25

VI.     CONCLUSION..................................................................................25

Cooley LLP
Attorneys At Law

ii.

Defendant's Notice of Motion & MPA ISO
MTD Plaintiffs' CAC
Case No. 4:17-cv-5277

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986)................................................................................20

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) .............................................................................13

*Anderson v. Jamba Juice Co.*,
  888 F. Supp. 2d 1000 (N.D. Cal. 2012) ............................................................24

*Anunziato v. eMachines, Inc.*,
  402 F. Supp. 2d 1133 (C.D. Cal. 2005) ............................................................18

*Arabian v. Sony Elecs. Inc.*,
  2007 WL 627977 (S.D. Cal. Feb. 22, 2007) .....................................................18

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...............................................6, 7, 22

*Baba v. Hewlett-Packard Co.*,
  2010 WL 2486353 (N.D. Cal. June 16, 2010) ...................................................12

*Baltazar v. Apple, Inc.*,
  2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ................................................8, 11

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) .............................................................................25

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544; 127 S. Ct. 1955 (2007).................................................................6

*Berenblat v. Apple Inc.*,
  2010 U.S. Dist. LEXIS 46052 (N.D. Cal. Apr. 9, 2010) ..................................13

*Birdsong v. Apple Inc.*,
  590 F.3d 955 (9th Cir. 2009) .......................................................................22, 23

*Brown v. Biomet Orthopedics, LLC*,
  244 F. Supp. 3d 810 (N.D. Ind., 2017) .............................................................20

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) .............................................................................20

*Clark v. LG Elecs USA, Inc.*,
  2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ...................................................14

**TABLE OF AUTHORITIES**
(continued)

Page

*Coleman v. Sears Home Improvement Prods., Inc.*,
2017 WL 1089580 (E.D. La. Mar. 21, 2017) ....................................................................19

*Cowen v. Lenny & Larry's, Inc.*,
2017 WL 4572201 (N.D. Ill., Oct. 12, 2017)......................................................................8

*Craig v. Total Quality Logistics, LLC*,
2017 WL 1533840 (M.D. Fla. Jan. 30, 2017) ....................................................................17

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F. 3d 992 (9th Cir. 2010) .............................................................................................7

*Daugherty v. Am. Honda Motor Co.*,
144 Cal. App. 4th 824 (2006) ......................................................................................12, 20

*Davidson v. Apple, Inc.*,
2017 WL 976048 (N.D. Cal. Mar. 14 2017)........................................................12, 14, 15

*Donohue v. Apple, Inc.*,
871 F.Supp.2d 913 (N.D. Cal., 2012) ...............................................................................14

*Ellis v. Warner*,
2017 WL 634287 (S.D. Fla. Feb. 16, 2017) .......................................................................8

*Gasser v. Kiss My Face, LLC*,
2017 WL 4773426 (N.D. Cal., Oct. 23, 2017)..................................................................25

*Gertz v. Toyota Motor Corp.*,
2011 WL 3681647 (C.D. Cal. Aug. 22, 2011)..................................................................14

*In re Google Inc.*,
2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ...................................................................8

*Granfield v. NVIDIA Corp.*,
2012 WL 2847575 (N.D. Cal. July 11, 2012)...................................................................24

*Hahn v. Mirda*,
147 Cal. App. 4th 740 (2007) ...........................................................................................12

*Hairston v. S. Beach Beverage Co., Inc.*,
2012 WL 1893818 (C.D. Cal. May 18, 2012) ..................................................................24

*Herrington v. Johnson & Johnson Consumer Companies, Inc.*,
2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) .....................................................................9

COOLEY LLP
ATTORNEYS AT LAW

iv.

**DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277**

# TABLE OF AUTHORITIES
### (continued)

Page

*Hill v. Hoover Co.*,
    899 F. Supp. 2d 1259 (2012) ..................................................................................................18, 19

*Hodgers-Durgin v. de la Vina*,
    199 F.3d 1037 (9th Cir. 1999) ...........................................................................................................25

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...................................................................................21

*Janda v. T-Mobile, USA, Inc.*,
    2008 WL 4847116 (N.D. Cal. Nov. 7, 2009) .......................................................................................7

*Jimenez v. Sup. Ct.*,
    29 Cal. 4th 473 (2002) ........................................................................................................................21

*Johns v. Bayer Corp.*,
    2010 WL 476688 (S.D. Cal. Feb. 9, 2010) .........................................................................................23

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..........................................................................................................7, 8

*Levine v. Blue Shield of Cal.*,
    189 Cal. App. 4th 1117 (2010) ...........................................................................................................21

*Lindsley v. Am. Honda Motor Co.*,
    2017 WL 2930962 (E.D. Pa. July 7, 2017) ...........................................................................................8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ......................................................................................................................22, 23

*Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*,
    508 Fed. Appx. 180 (3rd Cir. 2012) ...................................................................................................17

*Maloney v. Verizon Internet Servs, Inc.*,
    413 Fed. Appx. 997 (9th Cir. 2011) ....................................................................................................11

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ................................................................................................................8

*McVicar v. Goodman Global, Inc.*,
    2014 WL 12573991 (C.D. Cal. Aug. 4, 2014) ....................................................................................16

*Minkler v. Apple, Inc.*,
    65 F. Supp. 3d 810 (N.D. Cal. 2014) ..................................................................................................21

**TABLE OF AUTHORITIES**
(continued)

Page

*Moore v. Apple, Inc.*,
    73 F. Supp. 3d 1191 (N.D. Cal. 2014) ...................................................................6

*Morgan v. Harmonix Music Sys., Inc.*,
    No. C08-5211, 2009 WL 2031765 (N.D. Cal. July 30, 2009) ................................12, 18

*Nunez v. Saks Inc.*,
    2017 WL 1184058 (S.D. Cal. Mar. 22, 2017) ......................................................24

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ...............................................................12

*Palmer v. Apple Inc.*,
    2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) ...........................................9, 10, 23

*Robinson Helicopter Co., v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ..................................................................................21

*In re Seagate Tech. LLC Litig.*,
    233 F. Supp. 3d 776 (N.D. Cal. 2017) ...........................................................15, 16

*Shields v. Alere Home Monitoring, Inc.*,
    2015 WL 7272672 (N.D. Cal. Nov. 18, 2015) .......................................................8

*In re Sony Grand Wega KDF-E A10/A20 Series Rear*
    *Projection HDTV Television Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ...............................................................18

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ..............................................................................22, 23

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*,
    76 F. Supp. 2d 773 (S.D. Tex. 1999) ................................................................24

*Taylor v. Nike, Inc.*,
    2017 WL 663056 (D. Or. Feb 17, 2017) ............................................................13

*Tessera, Inc. v. UTAC (Taiwan) Corp.*,
    2012 WL 1067672 (N.D. Cal., Mar. 28, 2012) ....................................................16

*Tietsworth v. Sears, Roebuck & Co.*,
    2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) .....................................................12

*Tietsworth v. Sears, Roebuck and Co.*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..........................................................13, 17

COOLEY LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**
(continued)

Page

*Tomek v. Apple, Inc.*,
    2013 WL 3872774 (E.D. Cal. July 25, 2013) ........................................................11, 19

*Troup v. Toyota Motor Corp.*,
    545 Fed. Appx. (9th Cir. 2013)........................................................................................14

*Vavak v. Abbott Labs., Inc.*,
    2011 WL 13130493 (C.D. Cal. Mar. 17, 2011)..........................................................16, 17

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ..........................................................................................7

*Vitt v. Apple Computer, Inc.*,
    469 Fed. Appx. 605 (9th Cir. 2012)..........................................................................10, 11

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ..........................................................................................6

*Williams v. United Techs. Corp.*,
    2015 WL 7738370 (W.D. Mo. Nov. 30, 2015)...............................................................11

*Williamson v. Apple, Inc.*,
    2012 WL 3835104 (N.D. Cal. Sept. 4, 2012) .................................................................10

*Wilson v. Frito-Lay North Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ..........................................................................24

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012), 668 F.3d ..................................................................11, 13

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ............................................................................................6

**Other Authorities**

15 U.S.C. § 2310(d)(3)(C) ...............................................................................................20

Cal. Com. Code § 2607(3)(A)...........................................................................................13

Federal Rule of Civil Procedure
    9(b)........................................................................................................................7, 8, 9, 12
    12(b)(1) ...........................................................................................................................6
    (b)(6) ...........................................................................................................................6, 7

**TABLE OF AUTHORITIES**
(continued)

**Page**

Louisiana Civil Code
    Article 2520 ...................................................................................................................19
    Article 2522 ...................................................................................................................20
    Article 2534 ...................................................................................................................20

U.C.C. § 2-607(3)(A) ..........................................................................................................13

U.S. Constitution Article III................................................................................... *passim*

Cooley LLP
Attorneys At Law

viii.

Defendant's Notice of Motion & MPA ISO
MTD Plaintiffs' CAC
Case No. 4:17-cv-5277

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 1, 2018 at 1:30 p.m., or as soon thereafter as this motion may be heard in Courtroom 3, 17th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Apple Inc. ("Apple")[1] will and hereby does move, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"), to dismiss the Complaint filed by plaintiffs Deonn Morgan, Lydia Zepeda, Sophia Ivy, Kelly Okorocha, and Jennifer Zielinski ("Plaintiffs") on September 14, 2017.  This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the accompanying Request for Judicial Notice of the "Apple One (1) Year Limited Warranty – Accessory - For Apple and Beats Branded Products Only"; the pleadings and papers on file in this matter; and such other matters as may be presented to the Court at the hearing.

### STATEMENT OF RELIEF SOUGHT

Defendants seek dismissal of the entire Complaint under Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

### STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Plaintiffs' fraud-based claims (Counts VIII-XI, XIII)[2] allege actionable representations, and whether such claims have been pled with sufficient particularity under Rule 9(b).

2.      Whether Plaintiffs' state-law express warranty claims (Counts II-III) adequately allege actionable representations, and whether plaintiffs sufficiently plead that Apple breached those representations.

3.      Whether Plaintiffs' have adequately alleged a negligence claim (Count XIV).

4.      Whether Plaintiffs' have adequately alleged an unjust enrichment claim (Count XV).

5.      Whether plaintiffs Ivy and Okorocha's allegations are implausible and therefore should be dismissed.

---

[1] Apple acquired Beats Music and Beats Electronics in 2014.  (¶ 30.)
[2] Although Plaintiffs' claims go up to Count XV, there is no Count XII in the Complaint.

COOLEY LLP
ATTORNEYS AT LAW

ix.

**DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277**

6. Whether Plaintiffs lack Article III standing under the U.S. Constitution to bring claims premised on the theory that Apple misrepresented that Powerbeats 2 and 3 are "sweat and water resistant."

7. Whether the non-California plaintiffs (Ivy, Okorocha, and Zielinski) lack Article III standing to bring claims with respect to Powerbeats 3 on behalf of the purported non-California subclasses.

8. Whether Plaintiffs lack Article III standing to seek certain injunctive relief.

For the Court's reference because the accompanying memorandum does not address Plaintiffs' claims in sequential numerical order, Apple attaches as Appendix A to the memorandum a table summarizing each claim for relief asserted by Plaintiffs and the grounds for its dismissal.

Dated:       December 1, 2017              COOLEY LLP


                                           By:  _____/s/ Michelle C. Doolin_____
                                                Michelle C. Doolin (179445)

                                           Attorneys for Defendant
                                           Apple Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

Plaintiffs Deonn Morgan, Lydia Zepeda, Sophia Ivy, Kelly Okorocha, and Jennifer Zielinski filed a putative nationwide class action premised on a theory that Apple Inc.'s Powerbeats 2 and 3 earphones have an alleged "design defect." Plaintiffs claim this defect renders Apple's statements regarding the earphones' battery life and sweat and water resistance capabilities misleading.  The problem is that Plaintiffs fail to allege facts to support their claim that there is a defect or that Apple's statements were in any way inaccurate.  More fundamentally, none of the challenged statements are actionable as a matter of law.  And, even if deemed actionable, Plaintiffs fail to plead facts showing that the statements at-issue were relevant to Plaintiffs' purchasing decisions.  Thus, the entire Complaint should be dismissed for the reasons set forth below.

*First*, Plaintiffs' fraud-based claims (Counts VIII-XI, XIII) should be dismissed because Plaintiffs have not pled which of Apple's purported advertisements Plaintiffs were exposed to, when Plaintiffs were exposed, and which ones they found material when purchasing Powerbeats 2 or 3. Even if Plaintiffs had identified the advertisements they relied on with particularity, their fraud-based claims should still be dismissed.  The statements at-issue related to battery life and sweat and water resistance are non-actionable because they are inherently vague and generalized.  Moreover, the Complaint lacks facts that tie any issues Plaintiffs may have experienced with their Powerbeats to water/sweat resistance or battery life.

*Second*, Plaintiffs' state-law express warranty claims (Counts II-III) should be dismissed for many of the same reasons the fraud-based claims should be dismissed: the Complaint lacks facts related to reliance and causation, and statements about water/sweat resistance and battery life are not actionable.  Further, Plaintiffs' claim that Apple breached the Powerbeats one-year limited warranty fails because case law holds that limited warranties (like Apple's) covering manufacturing defects do not warrant against design defects.  Moreover, Plaintiffs failed to plead facts indicating they sought service under the limited warranty and were denied.  Finally, the express warranty claims fail because Plaintiffs failed to plead that they provided notice of these claims to Apple.

*Third*, Plaintiffs' state-law implied warranty claims (Counts IV, VI-VII) should be dismissed because Plaintiffs fail to allege vertical privity with Apple, as none of the Plaintiffs purchased their earphones directly from Apple, and because they lack facts that an implied warranty was breached. Plaintiff Okorocha's warranty claim under Louisiana law should also be dismissed because he failed to provide Apple with pre-suit notice and it is barred by the limitations period.

*Fourth*, because Plaintiffs cannot plead a state law warranty claim and have fewer than 100 named plaintiffs, their Magnuson-Moss Warranty Act claims (Counts I and V) necessarily fail.

*Fifth*, Plaintiffs' negligence claim (Count XIV) fails under the economic loss doctrine since Plaintiffs do not plead the existence of a physical injury caused by their Powerbeats 2 and 3.

*Sixth*, the dependent unjust enrichment claim (Count XV) fails with the other claims.

*Seventh*, Plaintiffs lack Article III standing to seek injunctive relief related to advertising of Powerbeats 2 and 3 as they do not allege that they will purchase the products again.  Further, (i) Plaintiffs lack Article III standing to bring claims asserting that Apple misrepresented that Powerbeats 2 and 3 are "sweat and water resistant" since the do not allege they exposed their earphones to sweat or water, and (ii) the non-California Plaintiffs lack Article III standing to bring claims regarding Powerbeats 3 because none allege they purchased Powerbeats 3.

For these reasons, and the additional ones stated below, the Complaint should be dismissed.

## II.    BACKGROUND AND STATEMENT OF FACTS.

The Complaint's allegations are premised on a theory that Powerbeats 2 and 3 have a "design defect" that causes them to stop working and fail to retain a charge after "minimal use."  (¶ 4.)[3]  As a result, Plaintiffs claim Apple misrepresented that Powerbeats 2 and 3 are "Sweat & Water Resistant," (¶ 3), and had batteries that enabled the product to function for six or twelve hours, respectively, (*id*.).  Based on these allegations, Plaintiffs purport to represent a nationwide class of purchasers of Powerbeats 2 or 3.  (¶ 18.)  In the alternative, the Complaint alleges four subclasses on behalf of California, Florida, Pennsylvania, and Louisiana residents.  (¶¶ 18-22.)

---

[3] All "(¶ _ )" citations are to the Complaint filed on September 13, 2017, unless otherwise noted.

### A.   Allegations Regarding Plaintiffs' Experiences with Powerbeats.

***Deonn Morgan***.   Plaintiff Morgan, a purported California resident, alleges that she purchased Powerbeats 2 for her son at a Best Buy store in December 2015.  (¶ 59.)   Prior to purchasing the earphones, she allegedly saw commercials where exercising athletes used Powerbeats 2.  (*Id.*)  She claims that she relied on Apple's representations that Powerbeats 2 were "sweat & water resistant" and could be used for hours before recharging.  (*Id.*).

Plaintiff Morgan alleges that her son's Powerbeats 2 "stopped working and became unusable in less than six months."  (¶ 60.)  Best Buy replaced her initial pair; and the replacement pair "malfunctioned" a few months later.  (*Id.*)  Morgan contends that she then contacted Apple, which sent her another pair of Powerbeats 2, and that the replacement pair allegedly stopped working.  (*Id.*)

***Lydia Zepeda.***  Plaintiff Zepeda, a purported California resident, alleges that she purchased Powerbeats 3 from Costco in May 2017.  (¶ 63.)  She is the only plaintiff alleged to have purchased Powerbeats 3.  (¶¶ 58-95.)  She contends that she saw Apple's representations that Powerbeats 3 were "sweat and water resistant," and that she purchased her earphones believing that the battery could last for twelve hours.  (¶ 64.)

After seven weeks of use, her Powerbeats 3 purportedly began "failing to retain a charge, eventually failing to turn on at all."  (¶ 65.)  She contends that she contacted Apple and that Apple "representatives told her that the headphones were not covered by the manufacturer's warranty," and refused to replace the earphones.  (*Id.* ¶ 66.)

***Sophia Ivy***.  Plaintiff Ivy, a purported Florida resident, alleges that she purchased Powerbeats 2 from the Home Shopping Network in December 2014.  (¶ 69.)  She purportedly relied on Apple's alleged misrepresentations that the earphones were "sweat and water resistant," durable, suitable for working out, and that the earphones would hold a charge for six hours.  (¶ 70.)

She alleges that her Powerbeats 2 earphones "broke," in April 2014.  (¶ 71.)  She alleges that she received numerous replacement Powerbeats 2 earphones.  (¶¶ 72-73.)

***Jennifer Zielinski.***  Plaintiff Zielinski, a purported Pennsylvania resident, alleges that she purchased Powerbeats 2 earphones in April 2016 from a T-Mobile store.  (¶ 77.)  She asserts that she relied on Apple's representations that Powerbeats 2 were sweat and water resistant and could

withstand rigorous exercise, and relied on Apple's purported representation that Powerbeats 2 batteries could last for six hours.  (¶ 78.)

Plaintiff Zielinski contends that within approximately three weeks of purchase, her earphones stopped charging and would not turn on.  (¶ 79.)  T-Mobile replaced the earphones, which worked for three months.  (¶ 80.)  Zielinski alleges that she received multiple other replacement earphones from Apple.  (¶ 81.)

Apple representatives purportedly told her that Powerbeats 2 earphones cannot withstand "heavy" sweating.  (¶ 82.)

***Kelly Okorocha.***    Plaintiff Okorocha, a purported Louisiana resident, alleges that he somehow purchased Powerbeats 2 earphones from Best Buy in March 2013.  (¶ 85.)

Plaintiff Okorocha alleges that he relied on Apple's representations that the earphones were sweat and water resistant and durable enough to withstand a workout, and that he relied on Apple's representations that the Powerbeats 2 battery could last for hours.  (¶ 86.)

Within six months, his earphones supposedly "became defective and would stop holding a charge and/or stop turning on entirely."  (¶ 87.)  He contends that he asked Apple for a replacement one time, which Apple provided to him.  (¶ 88.)

***Missing allegations in the Complaint***.  Notably, absent from each Plaintiffs' allegations is any explanation of what purportedly caused their earphones to stop working.  (¶¶ 58-95.)  No Plaintiff alleges that he or she used their earphones while exercising.  Nor do they contend that they exposed the earphones to sweat or water.  Similarly, not one Plaintiff alleges his earphones failed to hold the battery charge advertised before they purportedly stopped working.  Further, despite generally alleging that they saw and relied on Apple's representations, Plaintiffs do not identify what advertisements that they saw and relied on.

And, although Zepeda alleges that Apple refused to replace her earphones, she does not allege what Apple told her, who she talked to, and when.  Nor does she allege that she had or provided Apple with proof of purchase, such as a receipt, in order to utilize the warranty benefit. No other Plaintiff alleges that Apple ever refused to replace his or her earphones.

**B.**     **Apple's One-Year Limited Warranty.**

Plaintiffs allege that the Powerbeats 2 and 3 have a one-year limited warranty that states:

Your . . . Beats-branded hardware product ("Product") is warranted against ***defects in materials and workmanship*** for a period of ONE (1) YEAR from the date of original retail purchase ("Warranty Period") when used in accordance with Apple's user manuals . . . . Under this warranty, you will be able to direct your claims to Apple even in situations where you purchased the Apple Product from a third party. If a defect arises during the Warranty Period, Apple, at its option will (1) repair the Product at no charge using new parts or parts that are equivalent to new in performance and reliability, (2) exchange the Product with a product with equivalent functionality formed from new and/or previously used parts that are equivalent to new in performance and reliability or with your consent, a product that is at least functionally equivalent to the product it replaces, or (3) refund the original purchase price.

(¶¶ 111, 120 (emphasis added).)

**C.**     **Litigation History and Plaintiffs' Causes of Action.**

On September 12, 2017, Plaintiffs filed this action.  (ECF No. 1.)  Plaintiffs then filed a corrected complaint two days later (ECF No. 3-1, "Complaint").  The Complaint's claims fall into four categories: (1) fraud-based claims based on Apple's advertising and marketing; (2) Apple's purported breach of warranty obligations; (3) negligence; and (4) equitable relief.  (¶¶ 96-234.)

**1.**     **Fraud-Based Claims Based on Apple's Advertising and Marketing.**

Plaintiffs assert claims under the CLRA (Count VIII) and UCL (Count IX) on behalf of the nationwide class, the Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count X) on behalf of the Florida subclass, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") on behalf of the Pennsylvania subclass (Count XI), based on Apple's alleged misrepresentations and omissions regarding the purportedly defective Powerbeats 2 and 3.  (¶¶ 178-208.)  Plaintiffs also allege a common law fraud claim (Count XIII) on behalf of the nationwide class based on the same allegations.  (¶¶ 209-222.)

**2.**     **Warranty Claims.**

Plaintiffs assert the following claims based on Apple's purported breach of its warranty obligations on behalf of a nationwide class: breach of the Magnuson-Moss Warranty Act (Counts I and V), breach of express warranty (Count II), and breach of the California Song-Beverly Warranty Act (Count IV).  They alternatively assert the breach of express warranty (Count II) and breach of

the California Song-Beverly Warranty Act (Count IV) claims on behalf of a California subclass; bring express warranty (Count III) and implied warranty of merchantability (Count VI) claims on behalf of Pennsylvania and Florida subclasses; and a breach of warranty against redhibitory defects claim on behalf of a Louisiana subclass (Count VII).  (¶¶ 96-177.)

### 3. Negligence Claim.

Plaintiffs bring a negligence claim (Count XIV) on behalf of the nationwide class alleging that "Apple breached [its] duty [to Plaintiffs and the classes] by designing and/or manufacturing Powerbeats that are defective."  (¶¶ 223-27.)

### 4. Equitable Claim.

Plaintiffs also allege an unjust enrichment claim without specifying what class(es) it pertains to (Count VI), contending that Apple was unjustly enriched based on the same allegations set forth in the other claims.  (¶¶ 228-234.)

## III.  LEGAL STANDARDS.

### A.  Federal Rule of Civil Procedure 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) compels dismissal when a plaintiff fails to establish Article III standing.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Plaintiffs bear the burden of establishing standing to overcome a motion to dismiss.  *See Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1197 (N.D. Cal. 2014).

### B.  Federal Rule of Civil Procedure 12(b)(6).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citation omitted).

1    "Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court

2    to draw on its judicial experience and common sense." *Id.* at 1950.

3          On a Rule 12(b)(6) motion to dismiss, courts assume the truth of all factual allegations, but

4    do not accept conclusions, allegations contradicted by judicially noticed facts, or unwarranted

5    inferences as true. *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F. 3d 992, 998 (9th Cir. 2010).

6          **C.     Federal Rule of Civil Procedure 9(b).**

7          In addition to the plausibility requirements stated above, with respect to fraud-based claims,

8    Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting" the fraud.  To

9    satisfy Rule 9(b)'s requirements, a plaintiff must explicitly aver the "who, what, when, where, and

10   how" of the alleged fraudulent conduct.   *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106-07

11   (9th Cir. 2003).  A plaintiff must include allegations about the time, place, and content of the alleged

12   misrepresentations, the identities of the parties to the alleged misrepresentations, as well as an

13   explanation as to why the statement or omission complained of is false or misleading.  *Janda v. T-*

14   *Mobile, USA, Inc.*, 2008 WL 4847116, at *4 (N.D. Cal. Nov. 7, 2009).  A plaintiff also must allege

15   reliance on the alleged fraudulent conduct with particularity.  *See Kearns v. Ford Motor Co.,* 567

16   F.3d 1120, 1126 (9th Cir. 2009).

17   **IV.   THE COMPLAINT FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED.**

18         **A.     Plaintiffs' UCL, CLRA, FDUPTA, PUTPCPL, and Common Law Fraud Claims**
19                  **(Counts VII-XIII) Are Not Well Pled.**

20                **1.     Rule 9(b) Applies to Counts IVV-XIII.**

21         Plaintiffs' UCL, CLRA, FDUPTA, PUTPCPL, and common law fraud claims (collectively

22   the "Fraud-Based Claims") should be dismissed because Plaintiffs failed to satisfy Rule 9(b)'s

23   requirements.  The Ninth Circuit has made clear that all "averments of fraud" are subject to Rule

24   9(b)'s heightened pleading standard "irrespective of whether the substantive law at issue is state or

25   federal," and even where "fraud is not an essential element of a claim." *Kearns,* 567 F.3d at 1125-26

26   (applying Rule 9(b) to CLRA and UCL claims); *Vess*, 317 F.3d at 1103-04 (9th Cir. 2003) (applying

27   Rule 9(b) to UCL claims).  Thus, Rule 9(b) can apply to each prong of the UCL.  *Kearns*, 567 F.3d

28   at 1127.  Rule 9(b) also applies to claims under other states' consumer protection laws when the

claims are grounded in fraud.  *See Ellis v. Warner*, 2017 WL 634287, at *25 (S.D. Fla. Feb. 16, 2017); *Lindsley v. Am. Honda Motor Co.*, 2017 WL 2930962, at *7 (E.D. Pa. July 7, 2017).[4]

Plaintiffs claim "Apple has defrauded the public and cheated its customers, including Plaintiffs." (¶ 6.)  Further, the Fraud-Based Claims all allege that Apple misrepresented or failed to disclose facts concerning purported issues with Powerbeats 2 and 3.  (¶¶ 178-222.)  Thus, these claims are grounded in assertions of fraud, *Kearns*, 567 F.3d at 1126, and are subject to Rule 9(b)'s heightened pleading standard.  *See Shields v. Alere Home Monitoring, Inc.*, 2015 WL 7272672, at *6 (N.D. Cal. Nov. 18, 2015) (applying Rule 9(b) to misrepresentation and omission claims).

### 2. Plaintiffs Do Not Allege Facts with Particularity to Support Their Conclusory Reliance Allegations.

As illustrated, Plaintiffs' Fraud-Based Claims should be dismissed because the Complaint does not allege with particularity what statements Plaintiffs were exposed to, when Plaintiffs were exposed, which ones they found material, or which statements they relied on when purchasing the Powerbeats 2 or 3.  *See Kearns*, 567 F.3d at 1126 (holding that Rule 9(b) was not satisfied where plaintiff did not specify "when he was exposed to" alleged misrepresentations, "which ones he found material," or "which sales material he relied upon in making his [purchase] decision"); *see also Baltazar v. Apple, Inc.*, 2011 WL 588209, at *2 (N.D. Cal. Feb. 10, 2011) ("Plaintiffs must identify the particular commercial or advertisement upon which they relied and must describe with the requisite specificity the content of that particular commercial or advertisement.").

***Sweat and Water Resistance*.**  Plaintiffs generically allege that they relied on Apple's representations that the Powerbeats 2 earphones were "sweat and water resistant."  (¶¶ 59-95.) Plaintiffs do not allege which commercial or advertisement they purportedly relied nor when.  This is notable, as the Plaintiffs reference various commercials and advertisements throughout the

---

[4] The Complaint asserts that California law applies.  (¶ 92.)  This is not correct.  Choice of law principles make clear that the home state of each class member should govern each claim.  *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-590 (9th Cir. 2012); *Cowen v. Lenny & Larry's, Inc.*, 2017 WL 4572201, at *5 (N.D. Ill., Oct. 12, 2017).  However, in light of this Court's prior statements that choice of law analysis should be deferred until after the pleading stage, *see In re Google Inc.*, 2013 WL 5423918, at *19 (N.D. Cal. Sept. 26, 2013), except as otherwise noted, in this motion, Apple will defer the choice of law analysis and focus on why Plaintiffs do not state a claim under any of the asserted laws.  Apple expressly reserves the right to challenge Plaintiffs' choice of law assertion in any subsequent motion or proceeding.

Complaint, but the Complaint does not allege that any Plaintiff saw even one of the referenced advertisements.  Without more, Plaintiffs' allegations are insufficient.  *See Herrington v. Johnson & Johnson Consumer Companies, Inc.*, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010) (dismissing fraud-based claims under Rule 9(b) where plaintiffs did not identify "the circumstances in which they were exposed to" the alleged misrepresentations, including when plaintiff viewed them); *Palmer v. Apple Inc.*, 2016 WL 1535087, at *4 (N.D. Cal. Apr. 15, 2016) (dismissing fraud-based claims because "plaintiff has not alleged which specific advertisements or statements he personally saw or when they were made.").

**Battery life.**  The Complaint also fails to adequately plead that Plaintiffs relied on an alleged misrepresentation relating to battery life.  (¶¶ 58-95.)  Plaintiffs state in a conclusory fashion that they relied on Apple's representations that Powerbeats 2 or 3 could last for hours.  (*Id.*)  Plaintiffs do not state which advertisements they were exposed to or when.  Thus, Plaintiffs fail to adequately allege reliance on the battery life representations.  *See Herrington*, 2010 WL 3448531, at *7; *Palmer*, 2016 WL 1535087, at *45.

**Durability**.  In a brief reference, Plaintiffs meld their complaints related to battery life and sweat and water resistance to take issue with the phrase "built to endure" in Apple's marketing. (¶ 50.)  Yet, the only plaintiff who claims to have seen the phrase (Morgan) fails to allege when or where she saw it.  Plaintiff Morgan's related allegation about a commercial containing athletes "using the headphones while engaging in rigorous exercise" similarly lacks specifics.  (¶ 59.)  And, to the extent Plaintiffs generally take issue with purported representations that the Powerbeats 2 and 3 are "durable enough to withstand 'working out,'" (¶ 23(g)), such a claim fails since Plaintiffs did not plead any specifics regarding the representations Plaintiffs relied on, including, significantly, the wording of the representations.  These sparse durability claims are thus inadequate.  *See Herrington*, 2010 WL 3448531, at *7; *Palmer*, 2016 WL 1535087, at *45.

### 3. Plaintiffs Do Not Allege Any Actionable Misrepresentation with Sufficient Particularity.

In addition to the Complaint's pleading defects related to reliance, Plaintiffs' fraud claims are faulty because the challenged statements are not actionable as a matter of law.  Additionally, even if

the representations were actionable, Plaintiffs failed to allege adequate facts to support their claims that the statements are false or misleading.

### a.      "Sweat and Water Resistant" Allegations Are Insufficient.

Apple's representation that Powerbeats 2 and 3 are "Sweat & Water Resistant" is not an actionable statement because it is "an inherently vague and generalized term[ ]."  *See Vitt v. Apple Computer, Inc.*, 469 Fed. Appx. 605, 607 (9th Cir. 2012) ("mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," an "affordable choice," and an "ideal student laptop," constituted inactionable statements).

This Court's decision in *Williamson v. Apple, Inc.,* 2012 WL 3835104, at *5 (N.D. Cal. Sept. 4, 2012) is illustrative.  In that case, the Court held that the challenged statement that Apple used glass on the "front and back for optical quality and scratch resistance" was not actionable.  The Court stated that, "it is a well-known fact of life that glass can break under impact, even glass that has been reinforced.  This much is known to the ordinary, reasonable consumer."  *See id* at *5-6.  Similarly, as it pertains to this case, a reasonable consumer would know that electronics, including earphones, are not impenetrable to water.  The statement at-issue is "resistant," not "proof."

Even if the statement is deemed actionable, the Complaint fails to allege with particularity that Apple's representation that Powerbeats 2 and 3 are sweat and water-resistant is false or caused any resulting damage.  The Complaint does not allege, even in a conclusory fashion, that sweat or water caused any of Plaintiffs' earphones to stop working.  (¶¶ 58-95.)[5]  In fact, the Complaint fails to allege that any Plaintiff exposed his or her earphones to water or used the earphones while sweating.  Without such allegations, Plaintiffs cannot plead that the Powerbeats 2 or 3 were not sweat or water resistant.  *Palmer*, 2016 WL 1535087, at *45.

### b.      Battery Life Allegations Are Insufficient.

Plaintiffs also allege that Apple misrepresented the battery life of Powerbeats 2 and 3.  Plaintiffs allege that Apple's representation that Powerbeats 2 "offered" a six- hour rechargeable battery and that the Powerbeats 3 battery that lasted "up to" twelve hours, were false.  These

---

[5] Although the Complaint alleges that certain Plaintiffs purchased the earphones to use while exercising, Plaintiffs do not allege that they actually used the earphones while working out.

COOLEY LLP
ATTORNEYS AT LAW

10.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

1  representations are not actionable.  For example, in *Tomek v. Apple, Inc.*, 2013 WL 3872774, at *4

2  (E.D. Cal. July 25, 2013), the Court dismissed claims relating to alleged misstatements that a

3  computer's battery could last "up to" 7 hours, in large part because a reasonable consumer would not

4  have been "deceived" by the qualifier "up to."  *See also Maloney v. Verizon Internet Servs, Inc.*, 413

5  Fed. Appx. 997, 999 (9th Cir. 2011) (finding that reasonable consumers would not be deceived by

6  statement that Internet would be delivered at a speed of "up to 3 Mbps").  By the same principle,

7  reasonable Powerbeats 2 and 3 purchasers would not have been "deceived" by the qualifiers

8  "offered" or "up to."

9       Even if the battery-life statements were actionable, Plaintiffs fail to allege particularized facts

10  showing that Powerbeats 2 and 3 batteries did not last for up to six or twelve hours.  Plaintiffs make

11  vague and conclusory allegations that their earphones "stopped working and became unusable,"

12  "broke," or "would not turn on."  (¶¶ 58-95.)  Absent from these allegations are any specific facts

13  showing that these alleged issues were battery related.  *See Wilson v. Hewlett-Packard Co.,* 668 F.3d

14  1136, 1145 (9th Cir. 2012), 668 F.3d at 1145 (dismissing CLRA claim because plaintiff failed to

15  allege that the alleged computer defect was actually the root cause of the computers igniting).  This

16  dooms Plaintiffs' battery life claim.

17                    **c.       Durability Allegations Are Insufficient.**

18       Representations that Powerbeats 2 and 3 are "built to endure" and are able to withstand a

19  workout are quintessential examples of claims that are vague and generalized.  *See Vitt*, 469 Fed.

20  Appx. 605, 607 (9th Cir. 2012).  Workouts, for instance, vary from person to person and session to

21  session.  Thus, claims based on images of athletes exercising are deficient.  *See Baltazar v. Apple,*

22  *Inc.*, 2011 WL 588209, at *2 (N.D. Cal. Feb. 10, 2011) (video showing iPad being used outdoors

23  was not actionable as it did not promise that iPads could be used outdoors without interruption).

24  Further, similar to the statement "built to last" that was found to not be actionable in *Williams v.*

25  *United Techs. Corp.,* 2015 WL 7738370, at *8 (W.D. Mo. Nov. 30, 2015), Plaintiffs' claims based

26  on purported written durability representations should be dismissed.

27

28

Cooley LLP
Attorneys At Law

11.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

1  Even if the durability representations were actionable, since Plaintiffs' bases for challenging

2  them are dependent on the battery life and sweat and water resistance allegations, Plaintiffs' failure

3  to plead facts contradicting those statements are fatal to their challenge of the durability claims.

### 4.     Plaintiffs Do Not Allege an Actionable Omission with Particularity.

5  The Complaint vaguely alleges that Apple concealed purported "defects" from consumers.

6  (*E.g.,* ¶¶192, 217.)  Because Plaintiffs did not sufficiently allege what materials they reviewed before

7  purchasing their earphones to satisfy Rule 9(b), *supra* Section IV.A, their omissions claim also fails.

8  *See Davidson v. Apple, Inc.*, 2017 WL 976048, at *9-10 (N.D. Cal. Mar. 14 2017).

9  Even if the Complaint had satisfied Rule 9(b), Plaintiffs' Fraud-Based claims still lack

10  sufficient facts to support an omissions theory.  For an alleged omission to be actionable, "the

11  omission must be contrary to a representation actually made by the defendant, or an omission of a

12  fact the defendant was obliged to disclose."  *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL

13  3320486, at *9 (N.D. Cal. Oct. 13, 2009) (citation omitted).  Further, Plaintiff must allege that Apple

14  knew of the purportedly omitted fact.  *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007);

15  *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006).

16  As noted previously, Plaintiffs fail to plead sufficient facts to support their claim that they

17  relied on any statement by Apple that was untrue or misleading.  (*Supra* Section IV, A.)  Further,

18  Apple was not under any duty to disclose any alleged defect with the Powerbeats 2 or 3 because the

19  purported sweat, water, and battery issues did not raise any safety concerns.  *See Morgan v.*

20  *Harmonix Music Sys., Inc.*, No. C08-5211, 2009 WL 2031765, at *4 (N.D. Cal. July 30, 2009)

21  *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 971 (N.D. Cal. 2008) ("safety consideration"

22  an "integral" factor in the materiality determination).

23  Additionally, Plaintiffs' omission claims fail because they fail to adequately plead that Apple

24  knew of any alleged defect at the time of sale.  Plaintiffs do not allege facts showing that Apple was

25  aware of purported defects at the time of sale.  (¶¶ 58-95.)

26  To the extent Plaintiffs allege that customer reviews and complaints provided Apple with

27  awareness, such an argument fails.  Courts in this Circuit have repeatedly held that such reviews and

28  complaints do not sufficiently plead knowledge of the defect.  *See Baba v. Hewlett-Packard Co.*,

COOLEY LLP
ATTORNEYS AT LAW

12.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

2010 WL 2486353, at *5 (N.D. Cal. June 16, 2010) (holding allegation that "[defendant] is aware of the defect due to the numerous complaints it has received, as well as those posted on the internet including in consumer forums on [its website]" was inadequate to plead knowledge) (cited with approval in *Wilson*, 668 F.3d at 1145).  For example, in *Berenblat v. Apple Inc.*, 2010 U.S. Dist. LEXIS 46052, at *27 (N.D. Cal. Apr. 9, 2010), the Court granted Apple's motion to dismiss, holding that complaints regarding the alleged defect at-issue did not establish that Apple had knowledge of the purported defect.  *Id*. ("[C]omplaints posted on Apple's consumer website merely establish the fact that some consumers were complaining").  Plaintiffs' advertising and marketing claims based on omissions therefore cannot save their claims from dismissal.

### B.      Additional Reasons Plaintiffs' CLRA Claim (Count VIII) Is Not Well Pled.

Plaintiffs allege that Apple violated sections 1770(a)(5), (a)(7), and (a)(9) of the CLRA. Plaintiffs' claims under all three prongs are insufficiently plead because, for the reasons stated in Section IV.A.4, *supra*, Plaintiffs have not adequately plead that Apple had knowledge of the purported defect.  As recognized by the Ninth Circuit, "under the CLRA, plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson,* 668 F.3d at 1145.  Additionally, the (a)(9) claim, which covers "bait and switch" advertising, fails as a matter of law because Plaintiffs fail to allege that the Powerbeats 2 and 3 that they purchased were not the same Powerbeats 2 and 3 that they thought they were purchasing.  *See Taylor v. Nike, Inc.*, 2017 WL 663056, at *8 (D. Or. Feb 17, 2017).

### C.      Plaintiffs' Express Warranty Claim (Count II) Is Not Well Pled.

Plaintiffs allege express warranty claims based on (1) Apple's one-year limited warranty, (2) Apple's purported claim that the Powerbeats 2 and 3 are "Sweat & Water Resistant," and (3) purported battery life misrepresentations.  Under California law, express warranty claims require: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty that proximately caused plaintiff's injury." *Tietsworth v. Sears*, *Roebuck and Co.,* 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010).  Plaintiffs must also plead notice to defendant company before filing suit. Cal. Com. Code § 2607(3)(A); U.C.C. § 2-607(3)(A); *see Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).

COOLEY LLP
ATTORNEYS AT LAW

13.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

1

### 1. Plaintiffs Fail to Plead Pre-Suit Notice.

2

Plaintiffs failed to allege facts indicating that they provided Apple with the requisite pre-suit

3

notice of their warranty claims. *Donohue v. Apple, Inc.*, 871 F.Supp.2d 913, 930 (N.D. Cal., 2012)

4

(dismissing warranty claims where plaintiffs failed to provide notice prior to filing suit).   The

5

warranty claim should be dismissed on this ground.

6

### 2. Apple's One Year-Limited Warranty Does Not Cover the Alleged Sweat and Water Resistance, or Battery Issues.

7

8

The Complaint's express warranty claim premised on Apple's one-year limited warranty

9

should be dismissed because the warranty only covers "defects in materials and workmanship," not

10

the purported "design" defects underlying Plaintiffs' Complaint. *See Davidson*, 2017 WL 976048 at

11

*11 (dismissing express warranty claim where warranty covered defects in materials and

12

workmanship and plaintiff alleged design defects).

13

It is well-established within the Ninth Circuit that "[a]n express warranty covering 'materials

14

and workmanship' does not include design defects." *Id*. at *11; *Clark v. LG Elecs USA, Inc.*, 2013

15

WL 5816410, at *7 (S.D. Cal. Oct. 29, 2013); *Gertz v. Toyota Motor Corp.*, 2011 WL 3681647

16

(C.D. Cal. Aug. 22, 2011), *aff'd sub nom Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668 (9th Cir.

17

2013).   There can be no dispute that the one-year limited warranty at-issue here only covers

18

"materials and workmanship."  (¶ 111 ("Your . . . Beats-branded hardware product . . . is warranted

19

against **defects in materials and workmanship** for a period of ONE (1) YEAR from the date of

20

original retail purchase . . . when used in accordance with Apple's user manuals…") (emphasis

21

added).)  Thus, to state a claim for breach of the limited warranty, Plaintiff must plead facts showing

22

a defect in materials and workmanship exists.

23

Plaintiffs do not plead facts indicating that a defect in materials and workmanship exists.

24

Nowhere in the Complaint is there an allegation that Plaintiffs' earphones were built differently than

25

Apple's intended design specifications or that Plaintiffs' earphones performed differently from other

26

Powerbeats 2 and 3.  *Cf. Davidson*, 2017 WL 976048, at *11 ("A manufacturing defect exists when

27

an item is produced in a substandard condition, and such a defect is often demonstrated by showing

28

the product performed differently from other ostensibly identical units of the same product line.")

COOLEY LLP
ATTORNEYS AT LAW

14.

**DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277**

1    (internal alterations, quotation marks and citation omitted); *see Troup*, 545 Fed. Appx. at 668.

2    Instead, Plaintiffs expressly allege that Powerbeats 2 and 3 "contain a **design defect** that causes the

3    battery life to diminish and eventually stop retaining a charge." (¶ 4 (emphasis added).)[6] Even the

4    putative class definition shows that Plaintiffs' claim is based on a design defect theory that is not

5    covered by the "materials and workmanship" limited warranty.  Plaintiffs seek to represent a

6    nationwide class of "all purchasers" of Powerbeats 2 and 3, suggesting a theory premised on an

7    alleged defect with the earphones' design.  *See Davidson*, 2017 WL 976048, at *11 (finding

8    intention to represent "all purchasers … suggests that [p]laintiffs are alleging an inherent defect in

9    the iPhone's design, which is not covered by the Limited Warranty provision covering defects in

10   'materials and workmanship.'").

### 3.   Even if the One-Year Warranty Did Apply, Plaintiffs Fail to Adequately Plead that Apple Breached It.

13   *Assuming arguendo* the one-year limited warranty is applicable to Plaintiffs' claims,

14   Plaintiffs still have not alleged a breach of warranty claim related to it.

15   Plaintiffs Morgan and Okorocha allege they contacted Apple *one time* to seek a replacement

16   pair of Powerbeats 2 earphones, and that Apple replaced their earphones with new pairs.  They do

17   not contend that they contacted Apple again or that Apple ever refused to replace their earphones

18   during the warranty period.  Like in *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 785 (N.D.

19   Cal. 2017), this failure dooms Plaintiffs' claims.  In that case, Seagate's warranty—similar to

20   Apple's[7] warranty—promised to replace defective products with functional equivalents.  The

21   plaintiffs alleged that Seagate breached its express warranty by replacing defective products with

22   allegedly similarly defective products.  The Court dismissed plaintiffs' claims, holding that "failure

23   of a replacement drive . . . is not in itself a breach of the express terms of Seagate's warranty, so long

24   as Seagate provided a further replacement upon request if the drive was still within warranty." *In re*

25   *Seagate Tech.*, 233 F. Supp. 3d at 782.

---

[6] Plaintiffs do not allege how the Powerbeats 2 and 3 were defectively designed; only alleging in a conclusory fashion that the earphones contained a design defect.

[7] Apple can "exchange the Product with a product with equivalent functionality." (¶ 111.)

Also like in *Seagate*, the Complaint here does not allege that Apple ever refused to replace plaintiffs Ivy or Zielinski's earphones.  (¶¶ 69-84.)  Although each of these plaintiffs allege that they received numerous replacement pairs of Powerbeats 2, they do not specify how many times.  Nor do these plaintiffs allege that Apple refused to replace their earphones during the warranty period.  This renders plaintiff Zielinski's allegation that Apple refused her refund request meaningless, as Apple unquestionably had the option to replace earphones under the one-year limited warranty.  Without allegations that Apple refused to replace their earphones, Plaintiffs cannot allege a breach of the one-year limited warranty.  *See In re Seagate*, 233 F. Supp. 3d at 785.

Although plaintiff Zepeda alleges that "Apple representatives told her that the headphones were not covered by the manufacturers warranty," she fails to allege sufficient facts to show that Apple breached the warranty.  (¶¶ 63-68.)   Zepeda provides no facts regarding which Apple representative she spoke to, when, nor what the representative purportedly said related to warranty coverage.  Without such detail, Zepeda fails to allege that she complied with the pre-requisites for use of Apple's one-year limited warranty, such as providing Apple with the requisite proof of purchase.  *See McVicar v. Goodman Global, Inc.*, 2014 WL 12573991, at *10 (C.D. Cal. Aug. 4, 2014) (granting motion to dismiss warranty claim where plaintiff failed to allege compliance with prerequisites to file a claim, namely requesting replacement parts).[8]  Without more facts pled in the Complaint, Zepeda cannot allege a breach of the one-year limited warranty.

### 4.    Sweat and Water Resistance Allegations Are Insufficient.

Plaintiffs' warranty claim premised on the theory that Apple expressly warranted that Powerbeats 2 and 3 were "sweat and water resistant" fails for several reasons.  As stated in Section VII.A, this alleged statement is not actionable.  Further, Plaintiffs fail to adequately allege Apple's breach of this purported warranty caused their alleged injury.  Not one of the Plaintiffs allege that sweat or water caused his or her Powerbeats 2 or 3 to stop working.  (¶¶ 58-95.)  In fact, no plaintiff alleges that he or she exposed the earphones to sweat or water.  *See Vavak v. Abbott Labs., Inc.*, 2011 WL 13130493, at *3 (C.D. Cal. Mar. 17, 2011) ("Because [plaintiff] has failed to

---

[8] *See Tessera, Inc. v. UTAC (Taiwan) Corp.*, 2012 WL 1067672 (N.D. Cal., Mar. 28, 2012) (granting a motion to dismiss breach of contract claim due to insufficient detail regarding whether a condition precedent for the defendant's performance was satisfied).

COOLEY LLP
ATTORNEYS AT LAW

16.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

1   allege proximate cause [of her alleged injuries], she has failed to state a claim for express warranty"

2   with respect to Abbott's infant formula products).  Plaintiffs also fail to adequately allege reliance;

3   they do not specify which advertisements they were exposed to and when.  *Cf. Sears*, 720 F. Supp.

4   2d at 1140 (allegations of reliance are required).  This all supports dismissal.

5               **5.     Battery Life Allegations Are Insufficient.**

6   Plaintiffs' warranty claim premised on the theory that Apple made express warranties about

7   the Powerbeats 2 and 3 battery life fails for similar reasons.  The battery life statements are not

8   actionable as a matter of law, as stated above in Section IV.A.  Further, because Plaintiffs do not

9   allege the Powerbeats 2 and 3 batteries *caused* their earphones to stop working, they fail to allege

10  breach of warranty.  (¶¶ 58-95.)  Nor do they allege that before their purported issues arose their

11  batteries failed to last six (Powerbeats 2) or twelve (Powerbeats 3) hours.  *See Vavak*, 2011 WL

12  13130493, at *3.  Plaintiffs also fail to allege which advertisements they were exposed to and when

13  they were exposed to them.  *Cf. Sears*, 720 F. Supp. 2d at 1140 (allegations of reliance are required).

14  **D.     Plaintiffs' Pennsylvania and Florida Express Warranty Claims (Count III) Are**

15  **Not Well Pled.**

16  Plaintiffs' express warranty claims under Pennsylvania and Florida law fail for similar

17  reasons as their warranty claims under California law.  As noted, warranties like the one at-issue

18  here that cover "materials and workmanship," and do not encompass the alleged "design defects"

19  Plaintiffs identity in the Complaint.  *See Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*, 508 Fed.

20  Appx. 180, 181 (3rd Cir. 2012) (warranty covering materials and workmanship did not cover design

21  defects under Pennsylvania law)*; Craig v. Total Quality Logistics, LLC*, 2017 WL 1533840, at *2

22  (M.D. Fla. Jan. 30, 2017) ("[W]hen the language of a contract is clear and unambiguous, the plain

23  meaning of the language controls.").  Even if the one-year limited warranty covered Plaintiffs'

24  alleged defects, Zielinski (Pennsylvania) and Ivy (Florida) have failed to adequately allege that

25  Apple breached the warranty for the reasons stated above.  Specifically, neither plaintiff contends

26  that Apple ever refused to replace their earphones.  *See id.*

27  Further, Plaintiffs' express warranty claims based on purported sweat and water resistance

28  and battery life representations fail because (i) those alleged statements are not actionable, (ii)

COOLEY LLP
ATTORNEYS AT LAW

17.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

Plaintiffs fail to adequately allege reliance and (iii) Plaintiffs fail to allege that the purported misrepresentations caused their injuries.  (*See supra* Section IV.A.)

Additionally, under Florida law, Plaintiffs' express warranty claims related to sweat and water resistance and battery life fail because Plaintiffs lack privity with Apple.  *See Hill v. Hoover Co.*, 899 F. Supp. 2d 1259 (2012) (dismissing warranty claims where plaintiff who bought vacuum from third-party failed to establish privity).  "A plaintiff who purchases a product, but does not buy it directly from the defendant, is not considered to be in privity with that defendant."  *See id*. at 1267.  Here, plaintiff Ivy, the only alleged Florida resident, does not allege that she purchased the earphones directly from Apple.  (See ¶¶ 58-95.)  Instead, she alleges that she purchased the earphones from the Home Shopping Network.  (¶ 69.)

### E.   Plaintiffs' Implied Warranty Claims (Counts IV-VI) Are Not Well Pled.

#### 1.   The Song-Beverly Consumer Warranty Act Claim (Count IV) Fails to State a Claim.

The Complaint's Song-Beverly Consumer Warranty Act claim fails because Plaintiffs do not allege that they purchased the Powerbeats 2 or 3 in California.  *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1100 (S.D. Cal. 2010); *see also Morgan*, 2009 WL 2031765, at *2  (dismissing Song-Beverley Act claim where Plaintiff failed to allege that he bought the product at-issue in California).  None of the Plaintiffs identify the state in which they purchased his or her Powerbeats 2 or 3.  (*See* ¶¶ 58-91.)  As a result, the Complaint fails to plead a claim under the Song-Beverly Act.

Plaintiffs' Song-Beverly Act claim also fails due to Plaintiffs' failure to plead vertical privity with Apple.  Under California law, a plaintiff bringing a breach of implied warranty claim must stand in vertical privity with the defendant—meaning the plaintiff must have bought the product directly from the defendant.  *See Arabian v. Sony Elecs. Inc.*, 2007 WL 627977, at *10 (S.D. Cal. Feb. 22, 2007) (recognizing that "California has a vertical privity requirement" for "implied warranty claims"); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005) (dismissing breach of implied warranty claim for lack of vertical privity with manufacturer where the plaintiff purchased the computer at-issue from a retailer).  As stated above, no Plaintiff alleges

Cooley LLP
Attorneys At Law

18.

Defendant's Notice of Motion & MPA ISO
MTD Plaintiffs' CAC
Case No. 4:17-cv-5277

1   that they purchased their Powerbeats 2 or 3 directly from Apple.  (¶¶ 58-91.)  Accordingly, the

2   Complaint's claim for implied warranty under California law fails for lack of vertical privity.

3       Even if Plaintiffs could establish privity, their implied warranty claims fail because Plaintiffs

4   fail to plead facts that the earphones are not fit for their ordinary purpose.  This is because Plaintiffs

5   do not allege how they used their earphones, and therefore fail to plead facts indicating it is plausible

6   (not merely possible) the injuries they claim are due to the earphones not being fit for "ordinary" use

7   as compared to Plaintiffs engaging in non-ordinary use.  (¶¶ 58-95); *cf. Tomek*, 2012 WL 2857035,

8   at *7 (heavy use of computer was not "ordinary use").

9
10
###       2.       Implied Warranty of Merchantability Claims under Pennsylvania and Florida Law (Count VI) Similarly Fail to State a Claim.

11      Plaintiffs allege breach of the implied warranty of merchantability under Pennsylvania and

12  Florida law on the ground that Powerbeats 2 and 3 are not fit for their ordinary purpose.  As an

13  initial matter, this claim fails under Florida law for lack of vertical privity.  Privity is required for

14  both express and implied warranty claims in Florida.  *Hill*, 899 F. Supp. 2d at 1259.  Further, as

15  stated above, Plaintiffs fail to state that the earphones are not fit for their ordinary purpose under

16  Pennsylvania and Florida law.  *See Tomek*, 2012 WL 2857035, at *7.

17
18
###       3.       Plaintiffs' Breach of Warranty Against Redhibitory Defects Claim (Count VII) Under Louisiana Law Fails to State a Claim.

19      A claim of redhibition under Louisiana law requires that (1) a "redhibitory" defect exists and

20  (2) the redhibitory defect existed at the time of delivery and was not known or apparent to the buyer.

21  *Coleman v. Sears Home Improvement Prods., Inc.*, 2017 WL 1089580, at *7 (E.D. La. Mar. 21,

22  2017).[9]  Whether Plaintiff sufficiently pled these elements need not be addressed at this juncture

23  since the claim fails for even more basic reasons: (1) Plaintiffs failed to provide Apple with the

24  required pre-suit notice, and (2) the claim is barred by the statute of limitations.

25

26

---

[9] Pursuant to Louisiana Civil Code article 2520, a defect is "redhibitory" when: (1) "it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect;" or (2) "without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price."  *See id.*

### a.    Plaintiffs Failed to Provide Apple with Pre-Suit Notice.

Under Louisiana Civil Code article 2522, the buyer must give the seller notice that a redhibitory defect exists and allow the seller an opportunity to make repairs, or else suffer a "diminution of the warranty."  Plaintiff Okorocha fails to allege that he provided Apple with notice of his redhibition claim under Louisiana law and therefore this claim should be dismissed.

### b.    Plaintiffs' Claim Is Barred By the Limitations Period.

Under Louisiana law, redhibitory defect claims are barred unless brought within four years from the day the buyer received the product at-issue, or one year from the day the alleged defect was discovered by the buyer, whichever occurs first.  Art. 2534. Prescription, LA C.C. Art. 2534; *Brown v. Biomet Orthopedics, LLC*, 244 F. Supp. 3d 810, 818 (N.D. Ind., 2017) (granting motion to dismiss redhibitory defect claim under Louisiana law on statute of limitations ground).  The only Louisiana plaintiff, Okorocha, allegedly purchased his Powerbeats 2 in March 2013, more than four years before this action was filed in September 2017.  (¶ 85.)  Plaintiff Okorocha also alleges that his earphones stopped working six months after his purchase and received replacement earphones that purportedly stopped working four months after that.  (¶ 87.)  As pled, Okorocha learned of the alleged defect in early 2014.  His redhibition claim is therefore time barred. (¶¶ 88-89.)

### F.    The Magnuson-Moss Warranty Act Claims (Counts I and V) Fall with the State Law Claims.

Plaintiffs' Magnuson-Moss Act claim (Count I and V) must be dismissed for two reasons.  First, the claim necessarily fails because it is dependent on Plaintiffs' state law warranty claims.  *Daugherty*, 144 Cal. App. 4th at 832-33 (dismissing Magnuson-Moss Act claim plaintiff failed to plead a claim for breach of express warranty under California law).  As established above, Plaintiffs have not stated a breach of warranty claim.

Second, the Magnuson-Moss Act states that "[n]o claim shall be cognizable . . . if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."  15 U.S.C. § 2310(d)(3)(C); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 574 n.5 (9th Cir. 2004) (stating that "[plaintiffs'] claims do not appear viable in light of the requirement of 100 named plaintiffs to maintain a federal class action based on the [Magnuson-Moss] Act"); *Abraham v.*

COOLEY LLP
ATTORNEYS AT LAW

20.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

1   *Volkswagen of Am., Inc.*, 795 F.2d 238, 243-47 (2d Cir. 1986) (recognizing the Magnuson-Moss

2   Act's 100 named plaintiff requirement).  Here, plaintiffs have five named plaintiffs, far short of 100,

3   and thus Plaintiffs' Magnuson-Moss Act claim should be dismissed.

4   **G.**  **Plaintiffs' Negligence Claim (Count XIV) Is Not Well Pled.**

5   Plaintiffs' negligence claim should be dismissed because Plaintiffs suffered no physical

6   injury or damage to other property.  It is black letter California law that a plaintiff cannot assert

7   negligence liability theories against the manufacturer of a product where the only alleged losses the

8   plaintiff sustained are purely economic.  *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820 (N.D. Cal.

9   2014) (dismissing negligence claim because plaintiff's claim that Apple Maps on her iPhone was

10  inconsistent and inaccurate alleged only an economic loss); *Robinson Helicopter Co., v. Dana Corp.*,

11  34 Cal. 4th 979, 988-89 (2004); *Jimenez v. Sup. Ct.*, 29 Cal. 4th 473, 482-83 (2002).  "[T]he

12  economic loss rule allows a plaintiff to recover in strict products liability [or negligence] [only]

13  when a product defect causes [personal injury] or damage to 'other property,' that is, property *other*

14  *than the product itself*."  *Jimenez,* 29 Cal. 4th at 483 (emphasis in original).  Plaintiffs fail to allege

15  they suffered personal injury or damage to other property as a result of any alleged defect.  Nor can

16  they do so.  Plaintiffs' claim is that their Powerbeats 2 and 3 stop working.  Such a claim does not

17  and cannot result in any personal injury or damage.  Accordingly, Plaintiffs' negligence claim should

18  be dismissed.

19  **H.**  **Unjust Enrichment Claim (Count XV) Cannot Be Sustained as Independent**

20       **Causes of Action.**

21  Unjust enrichment is not an independent cause of action.  *See Levine v. Blue Shield of Cal.*,

22  189 Cal. App. 4th 1117 (2010) (dismissing unjust enrichment claims).  Failure to allege a substantive

23  claim for relief, such as one under the UCL or CLRA, warrants dismissal of any additional claim for

24  unjust enrichment. *See Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17,

25  2009).  Thus, plaintiffs' unjust enrichment claims cannot survive this motion.

26  **I.**  **Ivy and Okorocha's Claims Are Implausible and Should Be Dismissed.**

27  Plaintiff Ivy and Okorocha's individual allegations are implausible, and as such their

28  respective claims and allegations should be dismissed from the case in their entirety.  Specifically,

COOLEY LLP
ATTORNEYS AT LAW

21.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

Plaintiff Ivy alleges that her earphones stopped working months before the Complaint alleges Powerbeats 2 even launched.  Similarly, Plaintiff Okorocha alleges that he purchased his Powerbeats 2 earphones over a year before they purportedly launched.  As their allegations are not plausible or even possible as pled, these Plaintiffs' allegations should be dismissed from the case along with their respective claims.  *See Ashcroft*, 129 S. Ct. at 1949.

## V.   PLAINTIFFS LACK ARTICLE III STANDING TO BRING THE FULL SCOPE OF CLAIMS PLEAD.

### A.   Plaintiffs Lack Standing to Bring Claims Based on Apple's Alleged Representation That Powerbeats 2 and 3 Are "Sweat and Water Resistant."

To the extent any claims survive, the Court should dismiss all claims based on Apple's alleged representation that Powerbeats 2 and 3 are "Sweat & Water Resistant."  Dismissal is warranted because Plaintiffs failed to allege standing to assert such claims under Article III of the U.S. Constitution.  To establish standing, a plaintiff bears the burden of alleging facts showing (1) an injury in fact, (2) that the injury was caused by the challenged conduct, and (3) that a favorable decision will redress the injury.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To satisfy the "causation" requirement, plaintiffs must plead "a causal connection between the injury and the conduct complained of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant.'"  *Lujan*, 504 U.S. at 560.

Here, the Complaint fails to allege that any Plaintiff used his or her Powerbeats 2 or 3 while exercising or exposed the earphones to sweat or water at all.  (*See* ¶¶ 58-95.)  While, four of the five named Plaintiffs (all but Morgan), allege that they purchased the earphones to use while working out, not one alleges that he or she actually used the earphones during exercise.  Plaintiffs simply make vague and conclusory allegations that their earphones "stopped working and became unusable," "broke," or "would not turn on."  (*Id.*)  This is insufficient.

The Ninth Circuit's decision in *Birdsong v. Apple Inc.*, 590 F.3d 955, 960-61 (9th Cir. 2009) is instructive on this point.  In that case, plaintiffs alleged that iPods created a risk of hearing loss, while used at certain volumes.  The Court held that plaintiffs lacked standing, noting:

> The plaintiffs do not claim that they suffered or imminently will suffer hearing loss from their iPod use. The plaintiffs ***do not even claim that they used their iPods in a way that exposed them to the alleged risk of hearing loss***.  At most, the plaintiffs

COOLEY LLP
ATTORNEYS AT LAW

22.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

1   plead a potential risk of hearing loss not to themselves, but to other unidentified
2   users who might choose to use their iPods in an unsafe manner. The risk of injury
    the plaintiffs allege is not concrete and particularized as to themselves.

3   *See id.*

4       As in *Birdsong*, Plaintiffs cannot pursue claims based Apple's purported assertion that the

5   earphones were "Sweat & Water Resistant," where they fail to allege that they ever exposed their

6   Powerbeats 2 or 3 to sweat or water. *Lujan*, 504 U.S. at 560 (citation omitted); *Palmer*, 2016 WL

7   1535087, at *5 (dismissing claims for lack of standing where plaintiffs did not adequately allege that

8   the purported misrepresentations regarding iPhone 5 data usage caused the alleged injury).

9       **B.    The Pennsylvania, Florida, and Louisiana Plaintiffs Lack Standing to Bring
10              Claims With Respect to Powerbeats 3.**

11      The Complaint alleges claims brought by a purported nationwide class and four subclasses

12  from California, Pennsylvania, Florida, and Louisiana. Each subclass is allegedly comprised of

13  "[a]ll persons . . . who purchased Powerbeats 2 or 3 headphones." (¶¶ 18-22.) However, of the five

14  named Plaintiffs, Zepeda, a purported California resident, is the only alleged Powerbeats 3 purchaser

15  – the remaining four allegedly purchased Powerbeats 2 earphones. (*See* ¶¶ 58-95.) Thus, the

16  Pennsylvania, Florida, and Louisiana Plaintiffs lack standing to bring claims with respect to

17  Powerbeats 3, as they do not allege that they purchased that product.

18      Courts in this Circuit employ two standards to determine whether a plaintiff may assert

19  claims on behalf of a class for products she did not buy: a bright-line rule and a determination of

20  whether products are "substantially similar." Plaintiff fails both tests.

21      The bright-line rule applied by some courts dictates that a plaintiff in a putative class action

22  "cannot expand the scope of his claims to include a product he did not purchase or advertisements

23  relating to a product that he did not rely upon." *Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D.

24  Cal. Feb. 9, 2010). The bright-line rule is most in line with the standing requirements of the UCL

25  and CLRA, *id.*, as well as Article III, *Spokeo*, 136 S. Ct. at 1547 n.6. Here, the non-California

26  Plaintiffs do not allege that they purchased Powerbeats 3. If the Court applies the bright-line rule,

27  the non-California Plaintiffs lack standing to assert claims based on products they did not buy and

28

representations she did not rely on, and their class allegations should be dismissed. *See Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) (striking allegations relating to products plaintiff did not purchase); *Hairston v. S. Beach Beverage Co., Inc.*, 2012 WL 1893818, at *5 n.5 (C.D. Cal. May 18, 2012) (holding plaintiff in putative class action did not have standing to assert claims for beverage flavors he did not purchase).

Courts that do not apply the bright-line rule, examine "whether there is sufficient similarity between the products purchased and not purchased." *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1005 (N.D. Cal. 2012) (citation omitted); *see Wilson v. Frito-Lay North Am., Inc.*, 961 F. Supp. 2d 1134, 1140–42 (N.D. Cal. 2013). Under this standard Plaintiffs' claims also fail.

The Complaint lacks any factual detail so that the Court can "make a finding that the unpurchased products bear any similarity to" Plaintiffs' products. *See Nunez v. Saks Inc.*, 2017 WL 1184058, at *5 (S.D. Cal. Mar. 22, 2017) (finding claims related to unpurchased products were insufficiently pled because "a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing" (citing *Schmeir v. U.S. Ct. of App. for the Ninth Cir.*, 279 F.3d 817, 820 (9th Cir. 2001)). The Complaint provides no explanation for how Powerbeats 2 and 3 are substantially similar.[10]

Instead, Plaintiffs plead that there are a number of significant differences between Powerbeats 2 and 3, such as Powerbeats 3 being powered with a different computer chip, the Apple W1 chip. (¶ 41.) The W1 Chip allegedly doubled the Powerbeats 3 battery life to up twelve hours as opposed to up to six hours with the Powerbeats 2. (*Id.*) Further, the products were launched over two years apart from each other. (*Id.*)

The Court should exclude Powerbeats 3 from the non-California claims (Counts III, VI, VII, X, and XI).

---

[10] Plaintiffs citation to "Nerdwallet" does not help them. (*See* ¶ 32.) The article states in a conclusory fashion that the Powerbeats 2 and 3 are virtually identical without describing how they are similar. *See St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 774-75 (S.D. Tex. 1999) ("[E]vidence procured off the Internet is adequate for almost nothing" because the Internet is "one large catalyst for rumor, innuendo, and misinformation" with "no way of verifying authenticity of alleged contentions.").

Cooley LLP
Attorneys At Law

24.

Defendant's Notice of Motion & MPA ISO
MTD Plaintiffs' CAC
Case No. 4:17-cv-5277

**C.     Plaintiffs Lack Standing to Pursue Injunctive Relief Related to Selling and Marketing in the Future.**

A party seeking injunctive relief from a federal court must allege not only that she has "suffered or [is] threatened with a concrete and particularized legal harm[,]" but also that there is "a sufficient likelihood that [she] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted).  In a putative class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).  Further, to seek injunctive relief, Plaintiffs must plead that they intend to purchase the challenged product in the future. *See Gasser v. Kiss My Face, LLC*, 2017 WL 4773426, at *4 (N.D. Cal., Oct. 23, 2017) (same).

Here, Plaintiffs seek to enjoin Apple "from selling and marketing" Powerbeats.  (*See* ¶ 23(m).)  However, none of the Plaintiffs make an allegation that they intend to buy Powerbeats 2 or 3 in the future.  (*See* ¶¶ 58-91.)  Plaintiffs' demand for injunctive relief should be dismissed.

## VI.     CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant its motion to dismiss without leave to amend.

Dated:        December 1, 2017              COOLEY LLP


By:   _____/s/ Michelle C. Doolin_____
                 Michelle C. Doolin (179445)

Attorneys for Defendant
Apple Inc.

COOLEY LLP
ATTORNEYS AT LAW

25.

DEFENDANT'S NOTICE OF MOTION & MPA ISO
MTD PLAINTIFFS' CAC
CASE NO. 4:17-CV-5277

**APPENDIX A – FRCP 12(b)(6) Summary**

| Count | Claim | Basis for Dismissal |
|---|---|---|
| Count I | Breach of Express Warranty—Magnuson Moss Warranty Act | (1) plaintiffs fail to state breach of warranty claims under state law; and (2) complaint does not have 100 named plaintiffs per statute. |
| Count II | Express Warranty | (1) failure to provide  notice to Apple; (2) water, sweat and battery statements not actionable; (3) design defects not covered by limited warranty; (4) Apple did not breach warranty; (5) no reliance; and (6) insufficient allegations that issues caused by battery or water/sweat resistance. |
| Count III

(In the Alternative) | Breach of Express Warranty – 13 Pa. Stat. and Cons. Stat. Ann. § 2313 and the Fla. Stat. Ann. § 672.313 | (1) failure to provide notice to Apple; (2) lack of privity; (3) water, sweat and battery statements not actionable; (4) design defects not covered by limited warranty; (5) Apple did not breach warranty; (6) no reliance; and (7) insufficient allegations that issues caused by battery or water/sweat resistance. |
| Count IV | Breach of the California Song-Beverly Act – Implied Warranty of Merchantability | (1) failure to plead California purchase; (2) lack of privity; and (3) lack of facts that earphones are not merchantable. |
| Count V | Breach of Implied Warranty — The Magnuson-Moss Warranty Act | (1) plaintiffs fail to state breach of warranty claims under state law; and (2) complaint does not have 100 named plaintiffs per statute. |
| Count VI

(In the Alternative) | Breach of Implied Warranty of Merchantability Under 13 Pa. Con. Stat. Ann. § 2314 and Florida Under Fla. Stat. Ann. § 672.314 | (1) lack of privity; and (2) failure to plead  facts that earphones are not merchantable. |
| Count VII

(In the Alternative) | Breach of Warranty Against Redhibitory Defects | (1) failure to provide  notice to Apple; and (2) statute of limitations. |
| Count VIII | Violation of the Consumers Legal Remedies Act | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) lack of knowledge of alleged defect; (4) no reliance; (5) no causation; and (6) no "bait and switch" advertising. |
| Count IX | Violation of the Unfair Competition Law | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) lack of knowledge of alleged defect; (4) no reliance; and (5) no causation. |

| Count | Claim | Basis for Dismissal |
|---|---|---|
| Count X<br><br>(In the Alternative) | Violation of Florida Consumer Protection Laws | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) lack of knowledge of alleged defect; (4) no reliance; and (5) no causation. |
| Count XI<br><br>(In the Alternative) | Violation of Pennsylvania Consumer Protection Laws | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) lack of knowledge of alleged defect; (4) no reliance; and (5) no causation. |
| Count XIII | Common Law Fraud | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) lack of knowledge of alleged defect; (4) no reliance; and (5) no causation. |
| Count XIV | Negligence | (1) claims are barred under economic loss doctrine because plaintiffs do not allege personal injury or damage to other property. |
| Count XV | Unjust Enrichment | (1) dependent on other defective claims. |