1   COOLEY LLP
    MICHELLE C. DOOLIN (179445) (mdoolin@cooley.com)
2   DARCIE A. TILLY (239715) (dtilly@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA 92121
    Telephone:   (858) 550-6000
4   Facsimile:   (858) 550-6420

5   COOLEY LLP
    PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
6   BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
    3175 Hanover Street
7   Palo Alto, CA  94304-1130
    Telephone:   (650) 843-5000
8   Facsimile:   (650) 849-7400

9   Attorneys for Defendant
    APPLE INC.

10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12

13
    DEONN MORGAN, LYDIA ZEPEDA,              Case No. 4:17-cv-5277-RS
14  SOPHIA IVY, KELLY OKOROCHA,
    JENNIFER ZIELINSKI, CHRISTOPHER         **DEFENDANT APPLE INC.'S NOTICE OF
15  BIZZELLE, AND DANA RODENBECK            MOTION AND MOTION TO DISMISS
    individually and on behalf of themselves and   PLAINTIFFS' FIRST AMENDED CLASS ACTION
16  all others similarly situated,          COMPLAINT; MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT THERETO**
17             Plaintiffs,
                                           **DATE:**  April 19, 2018
18       v.                                **TIME:**  1:30 p.m.
                                           **DEPT.:**  Courtroom 3 - 17th Floor
19  APPLE INC.,                            **JUDGE:**  Hon. Richard Seeborg

20             Defendant.

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ............................................................. 1

STATEMENT OF RELIEF SOUGHT .................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ...................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 2

I.     INTRODUCTION. ...................................................................................................... 2

II.    BACKGROUND AND STATEMENT OF FACTS. ................................................... 3

       A.     Allegations Regarding Plaintiffs' Experiences with Powerbeats. ................ 3

       B.     Apple's One-Year Limited Warranty. ......................................................... 6

       C.     Litigation History and Plaintiffs' Causes of Action. ................................... 7

              1.     Fraud-Based Claims Based on Apple's Advertising and Marketing. ............ 7

              2.     Warranty Claims. ............................................................................. 7

              3.     Negligence Claim ............................................................................ 7

III.   LEGAL STANDARDS. .............................................................................................. 8

       A.     Federal Rule of Civil Procedure 12(b)(1). ................................................. 8

       B.     Federal Rule of Civil Procedure 12(b)(6). ................................................. 8

       C.     Federal Rule of Civil Procedure 9(b). ....................................................... 8

IV.    THE FAC FAILS TO STATE A SINGLE CLAIM AND SHOULD BE DISMISSED
       WITH PREJUDICE. .................................................................................................. 9

       A.     The UCL, CLRA, FDUPTA, PUTPCPL, ICFA, and Common Law Fraud
              Claims (Counts XII-XVII) Lack Sufficient Facts to State a Claim. .............. 9

              1.     Rule 9(b) Applies to Counts XII-XVII. ........................................... 9

              2.     Plaintiffs Do Not Allege Any Actionable Misrepresentation with
                     Sufficient Particularity. ................................................................... 9

                     a.     "Sweat and Water Resistant" Allegations Are Insufficient. ............. 10

                     b.     Battery Life Allegations Are Insufficient. ..................................... 10

                     c.     Durability Allegations Are Insufficient. ....................................... 11

              3.     Plaintiffs Do Not Allege Facts with Particularity to Support Their
                     Conclusory Reliance Allegations ..................................................... 12

              4.     Plaintiffs Do Not Allege an Actionable Omission with Particularity. ........... 13

              5.     More Reasons Plaintiffs' CLRA Claim (Count XII) Fails to State a
                     Claim. ............................................................................................ 14

       B.     The Express Warranty Claim (Count II) Lacks Sufficient Facts to State a
              Claim. ............................................................................................................. 14

# TABLE OF CONTENTS
## (continued)

Page

1.   Apple's One Year-Limited Warranty Does Not Cover the Alleged Sweat and Water Resistance, or Battery Issues. ............................................ 14

2.   Even If the One-Year Warranty Did Apply, Plaintiffs Fail to Adequately Plead that Apple Breached It. ....................................................... 15

3.   Plaintiffs Cannot Plead an Express Warranty Claim Based on Purported Sweat and Water Resistance and Battery Life Representations. ................................................................................................ 17

4.   Plaintiffs Fail to Plead Pre-Suit Notice. ........................................................ 18

C.   The Pennsylvania, Florida, Illinois, and Texas Express Warranty Claims (Counts III-IV) Lack Sufficient Facts to State a Claim. ............................................ 18

D.   The Implied Warranty Claims (Counts V-VI, VIII, X-XI) Lacks Sufficient Facts to State a Claim. ............................................................................. 19

1.   The Song-Beverly Consumer Warranty Act—Implied Warranty of Merchantability Claim (Count V) Is Insufficiently Plead. ............................. 19

2.   The Implied Warranty of Fitness Claim under California Law (Count VI) Is Insufficiently Plead. ................................................................................ 20

3.   Implied Warranties of Merchantability and Fitness Claims under Pennsylvania, Florida, Illinois, and Texas Law (Counts VIII, and X-XI) Are Insufficiently Plead. .......................................................................... 21

4.   The Breach of Warranty Against Redhibitory Defects Claim (Count IV) Under Louisiana Law Is Insufficiently Plead. ....................................... 21

E.   The MMWA Claims (Counts I and VII) Fall with the State Law Claims. ................ 22

F.   The Negligence Claim (Count XVIII) Lacks Sufficient Facts to State a Claim. ........ 22

V.   PLAINTIFFS LACK ARTICLE III STANDING TO BRING THE FULL SCOPE OF CLAIMS PLEAD. ........................................................................................................ 23

A.   Plaintiffs Lack Standing to Bring Claims Based on Apple's Alleged Representation That Powerbeats 2 and 3 Are "Sweat and Water Resistant." ........... 23

B.   The Pennsylvania, Florida, Louisiana, and Illinois Plaintiffs Lack Standing to Bring Claims (Counts III, VI, VII, X, and XI) With Respect to Powerbeats 3. ........ 23

C.   Plaintiffs Lack Standing to Seek Injunctive Relief Related to Selling and Marketing in the Future. ............................................................................. 25

VI.   CONCLUSION. ........................................................................................................ 25

COOLEY LLP
ATTORNEYS AT LAW

ii.

DEFENDANT'S NOTICE OF MOTION &
MPA ISO MTD PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
795 F.2d 238 (2d Cir. 1986)..................................................................................22

*Alvarez v. Chevron Corp.*,
656 F.3d 925 (9th Cir. 2011) ...........................................................................14, 18

*Anderson v. Jamba Juice Co.*,
888 F. Supp. 2d 1000 (N.D. Cal. 2012) ...............................................................24

*Anunziato v. eMachines, Inc.*,
402 F. Supp. 2d 1133 (C.D. Cal. 2005) ...............................................................21

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)...................................................................................8, 14

*Azar v. Gateway Genomics, LLC*,
2017 WL 1479184 (S.D. Cal. Apr. 25, 2017) ......................................................21

*Baba v. Hewlett-Packard Co.*,
2010 WL 2486353 (N.D. Cal. June 16, 2010) ......................................................13

*Balogh v. Deutsche Bank Nat'l Trust Co.*,
2017 WL 5890878 (N.D. Ill. 2017) ........................................................................9

*Baltazar v. Apple, Inc.*,
2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ............................................11, 12, 13

*Barragan v. Gen. Motors*
LLC, 2015 WL 5734842 (W.D. Tex. Sept. 30, 2015) ..........................................19

*Bates v. United Parcel Serv., Inc.*,
511 F.3d 974 (9th Cir. 2007) ................................................................................25

*Berenblat v. Apple Inc.*,
2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ........................................................13

*Birdsong v. Apple Inc.*,
590 F.3d 955 (9th Cir. 2009) ................................................................................23

*Blair v. Wachovia Mortg. Corp.*,
2012 WL 868878 (M.D. Fla. Mar. 14, 2012) .........................................................9

*Broomfield v. Craft Brew Alliance, Inc.*,
2017 WL 5665654 (N.D. Cal. Nov. 27, 2017) .....................................................25

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Canadian Pac. Railway Co. v. Williams-Hayward Protective Coatings, Inc.*,
2005 WL 782698 (N.D. Ill. Apr. 6, 2005) ...................................................................................19

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ....................................................................................................22

*Clark v. LG Elecs USA, Inc.*,
2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ...........................................................................15

*Coleman v. Sears Home Improvement Prods., Inc.*,
2017 WL 1089580 (E.D. La. Mar. 21, 2017) ............................................................................21

*Craig v. Total Quality Logistics, LLC*,
2017 WL 1533840 (M.D. Fla. Jan. 30, 2017) ...........................................................................18

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F. 3d 992 (9th Cir. 2010) .....................................................................................................8

*Daugherty v. Am. Honda Motor Co.*,
144 Cal. App. 4th 824 (2006) ..............................................................................................16, 22

*Davidson v. Apple, Inc.*,
2017 WL 976048 (N.D. Cal. Mar. 14 2017) .............................................................................14

*Donohue v. Apple, Inc.*,
871 F. Supp. 2d 913 (N.D. Cal. 2012) ......................................................................................18

*Gertz v. Toyota Motor Corp.*,
2011 WL 3681647 (C.D. Cal. Aug. 22, 2011) ..........................................................................15

*In re Google Inc.*,
2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ...........................................................................9

*Granfield v. NVIDIA Corp.*,
2012 WL 2847575 (N.D. Cal. July 11, 2012) ...........................................................................24

*Hairston v. S. Beach Beverage Co., Inc.*,
2012 WL 1893818 (C.D. Cal. May 18, 2012) ..........................................................................24

*Hasek v. DaimlerChrysler Corp.*,
745 N.E.2d 627 (Ill. App. 1 Dist. 2001) ...................................................................................18

*Haun v. Don Mealy Imports, Inc.*,
285 F. Supp. 2d 1297 (M.D. Fla. 2003) ...................................................................................10

COOLEY LLP
ATTORNEYS AT LAW
ii.
DEFENDANT'S NOTICE OF MOTION &
MPA ISO MTD PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC,*
   2016 WL 304764 (N.D. Cal. Jan. 26, 2016) ....................................................................5

*Herrington v. Johnson & Johnson Consumer Cos.,*
   2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) .........................................................12, 13

*Hill v. Hoover Co.,*
   899 F. Supp. 2d 1259 (N.D. Fla. 2012)........................................................................21

*Hodgers-Durgin v. de la Vina,*
   199 F.3d 1037 (9th Cir. 1999) ....................................................................................25

*In re iPhone 4S Consumer Litig.,*
   2014 WL 589388 (N.D. Cal. Feb. 14, 2014) ..........................................................17, 18

*Janda v. T-Mobile, USA, Inc.,*
   2008 WL 4847116 (N.D. Cal. Nov. 7, 2009) ................................................................8

*Jensen v. Bayer AG,*
   862 N.E.2d 1091 (Ill. App. 1 Dist. 2007) ...................................................................21

*Jimenez v. Sup. Ct.,*
   29 Cal. 4th 473 (2002) ...............................................................................................22

*Johns v. Bayer Corp.,*
   2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ...................................................................24

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) .............................................................................8, 9, 12

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
   511 U.S. 375 (1994)......................................................................................................8

*Long v. Hewlett-Packard Co.,*
   2007 WL 2994812 (N.D. Cal. July 27, 2007)..............................................................20

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992)....................................................................................................23

*Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.,*
   508 Fed. Appx. 180 (3rd Cir. 2012)............................................................................18

*Maloney v. Verizon Internet Servs, Inc.,*
   413 Fed. Appx. 997 (9th Cir. 2011) ............................................................................11

COOLEY LLP
ATTORNEYS AT LAW

iii.

DEFENDANT'S NOTICE OF MOTION &
MPA ISO MTD PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Marcus v. Apple Inc.*,
  2015 WL 151489 (N.D. Cal. Jan. 8, 2015) ..................................................................20, 21

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) .......................................................................................9

*McVicar v. Goodman Global, Inc.*,
  2014 WL 12573991 (C.D. Cal. Aug. 4, 2014)...............................................................17

*Minkler v. Apple, Inc.*,
  65 F. Supp. 3d 810 (N.D. Cal. 2014) ..........................................................................22

*Monsanto Co. v. Geertson Seed Farms*,
  561 U.S. 139 (2010)...................................................................................................25

*Morgan v. Harmonix Music Sys., Inc.*,
  2009 WL 2031765 (N.D. Cal. July 7, 2009)............................................................10, 19

*Nunez v. Saks Inc.*,
  2017 WL 1184058 (S.D. Cal. Mar. 22, 2017) ..........................................................24, 25

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ........................................................................13

*Oregon Pub. Employees Ret. Fund* v. *Apollo Group*,
  774 F. 3d 598 (9th Cir. 2014) .......................................................................................8

*Ross Neely Sys., Inc. v. Navistar, Inc.*,
  2015 WL 12939110 (N.D. Tex. 2015)...........................................................................18

*Royal Typewriter Co., Inc. v. Xerographic Supplies Corp.*,
  719 F.2d 1092 (11th Cir. 1983) ...................................................................................21

*In re Seagate Tech. LLC Litig.*,
  233 F. Supp. 3d 776 (N.D. Cal. 2017) ........................................................................16

*Shields v. Alere Home Monitoring, Inc.*,
  2015 WL 7272672 (N.D. Cal. Nov. 18, 2015) ................................................................9

*In re Sony Grand Wega KDF-E A10/A20 Series Rear
  Projection HDTV Television Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010).............................................................16, 19, 20

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ..........................................................................................23, 24

COOLEY LLP
ATTORNEYS AT LAW

iv.

DEFENDANT'S NOTICE OF MOTION &
MPA ISO MTD PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

*T.W.M. v. Am. Med. Sys., Inc.*,
   886 F.Supp. 842 (N.D. Fla. 1995)................................................................................19

4

*Taylor v. Nike, Inc.*,
   2017 WL 663056 (D. Or. Feb 17, 2017)......................................................................14

5

6

*Thomas v. Chase Bank*,
   2010 WL 1948266 (E.D. Pa. May 14, 2010) .................................................................9

7

*Tietsworth v. Sears, Roebuck & Co.*,
   2009 WL 3320486 (N.D. Cal. Oct. 13, 2009)..............................................................13

8

9

*Tipton v. Zimmer, Inc.*,
   2016 WL 7656131 (C.D. Cal. July 25, 2016).........................................................14, 15

10

*Tomek v. Apple Inc.*,
   2012 WL 2857035 (E.D. Cal. July 11, 2012) .........................................................20, 21

11

12

*Tomek v. Apple, Inc.*,
   2013 WL 3872774 (E.D. Cal. July 25, 2013) .........................................................11, 20

13

14

*Troup v. Toyota Motor Corp.*,
   545 Fed. Appx. (9th Cir. 2013)....................................................................................15

15

*U.S. Tire-Tech, Inc. v. Boeran, B.V.*,
   110 S.W.3d 194 (Tex. App. 2003) ...........................................................................19, 21

16

17

*Vavak v. Abbott Labs., Inc.*,
   2011 WL 13130493 (C.D. Cal. Mar. 17, 2011)........................................................17, 18

18

19

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ....................................................................................8, 12

20

*Vitt v. Apple Computer, Inc.*,
   469 Fed. Appx. 605 (9th Cir. 2012).............................................................................10, 11

21

22

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .......................................................................................8

23

24

*Williams v. United Techs. Corp.*,
   2015 WL 7738370 (W.D. Mo. Nov. 30, 2015).........................................................11, 13

25

26

*Williamson v. Apple, Inc.*,
   2012 WL 3835104 (N.D. Cal. Sept. 4, 2012) ...........................................................10, 17

27

28

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ...................................................................................11, 14

**Statutes**

13 Pa. Cons. Stat.
   § 2315 cmt. 2............................................................................................................21
   § 2607 .......................................................................................................................19

15 U.S.C. § 2310(d)(3)(C) ..............................................................................................22

810 ILCS
   5/2-315 cmt. 2...........................................................................................................21
   810 ILCS 5/2-607(3)(a) ............................................................................................19

Cal. Com. Code § 2607(3)(A)..........................................................................................14

Fla. Stat.
   § 672.315 cmt. 2........................................................................................................21
   § 672.607 ..................................................................................................................19

La. Civil Code
   Article 2520 ..............................................................................................................21
   Article 2522 ..............................................................................................................22

Tex. Bus. & Com. Code
   § 2.315 cmt.2.............................................................................................................21
   § 2.607(c)(1) .............................................................................................................19

**Other Authorities**

Federal Rule of Civil Procedure
   9(b)......................................................................................................................8, 9, 12
   12(b)(1) ......................................................................................................................8
   12(b)(6) ......................................................................................................................8

U.S. Constitution Article III............................................................................................. *passim*

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 19, 2018 at 1:30 p.m., or as soon thereafter as this motion may be heard in Courtroom 3, 17th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Apple Inc. ("Apple")[1] will and hereby does move, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"), to dismiss Plaintiffs' First Amended Class Action Complaint ("FAC" or "(¶ _ )") filed on December 20, 2017. This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the accompanying Request for Judicial Notice; the pleadings and papers on file in this matter; and such other matters as may be presented to the Court at the hearing.

## STATEMENT OF RELIEF SOUGHT

Defendants seek dismissal of the entire FAC under Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## STATEMENT OF ISSUES TO BE DECIDED

**1.** Whether Plaintiffs' fraud-based claims (Counts XII-XVII) allege actionable representations, and whether such claims have been pled with sufficiently particularity under Rule 9(b).

**2.** Whether Plaintiffs' state-law express warranty claims (Counts II-IV) adequately allege actionable representations and that Apple breached those representations.

**3.** Whether Plaintiffs' state-law implied warranty claims (Counts V-VI, VIII-XI) adequately allege that Apple breached any implied warranty.

**4.** Whether Plaintiffs adequately alleged a Magnuson-Moss Warranty Act claim (Count I, VII).

**5.** Whether Plaintiffs adequately alleged a negligence claim (Count XVIII).

**6.** Whether Plaintiffs lack Article III standing to bring claims premised on the theory that Apple misrepresented that Powerbeats 2 and 3 are "sweat and water resistant."

**7.** Whether the non-California and non-Texas plaintiffs lack Article III standing to bring claims with respect to Powerbeats 3 on behalf of the purported non-California and non-Texas subclasses.

**8.** Whether Plaintiffs lack Article III standing to seek certain injunctive relief.

---

[1] Apple acquired Beats Music and Beats Electronics in 2014.  (¶ 34.)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiffs Deonn Morgan, Lydia Zepeda, Sophia Ivy, Kelly Okorocha, Jennifer Zielinski, Christopher Bizzelle, and Dana Rodenbeck ("Plaintiffs") filed a putative nationwide class action premised on a theory that Apple Inc.'s Powerbeats 2 and 3 earphones contain alleged "design defects." Plaintiffs claim these purported defects render Apple's statements regarding the earphones' battery life and sweat and water resistance capabilities misleading. The problem is that Plaintiffs fail to allege facts to support their claim that there is a defect or that Apple's statements were in any way inaccurate. More fundamentally, none of the challenged statements are actionable as a matter of law. Thus, the First Amended Class Action Complaint ("FAC") should be dismissed.

*First*, Plaintiffs' fraud-based claims (Counts XII-XVII) should be dismissed because they are not pleaded with particularity and in any event, the statements at-issue related to battery life and sweat and water resistance are non-actionable. Moreover, the FAC lacks facts indicating any issues Plaintiffs allegedly experienced were caused by a battery malfunction or water or sweat incursion.

*Second*, Plaintiffs' state-law express warranty claims (Counts II-IV) should be dismissed for many of the same reasons: the FAC lacks facts related to causation and statements about water or sweat resistance and battery life sufficient to plead the existence of express warranties. Further, Plaintiffs' claim that Apple breached the Powerbeats one-year limited repair warranty fails because limited warranties (like Apple's) covering manufacturing defects do not warrant against design defects. Moreover, Plaintiffs failed to plead facts that they were improperly denied service under the limited warranty during the warranty period. Finally, the express warranty claims fail because Plaintiffs failed to plead that they provided notice of these claims to Apple.

*Third*, Plaintiffs' state-law implied warranty claims (Counts V-VI, VIII-XI) should be dismissed because Plaintiffs fail to allege facts indicating any implied warranty was breached. Moreover, certain of the implied warranty claims require privity with Apple, yet not one Plaintiff purchased earphones from Apple. Also, the warranty claims should be dismissed because the Plaintiffs failed to provide Apple with pre-suit notice.

*Fourth*, because Plaintiffs cannot plead a state law warranty claim and have fewer than 100

named plaintiffs, their Magnuson-Moss Warranty Act claims (Counts I and VII) necessarily fail.

*Fifth*, Plaintiffs' negligence claim (Count XVIII) fails under the economic loss doctrine because Plaintiffs fail to plead the existence of a physical injury caused by their Powerbeats 2 and 3.

*Sixth*, Plaintiffs lack Article III standing to seek injunctive relief related to advertising of Powerbeats 2 and 3 because they do not allege that they have a current desire to purchase Powerbeats. Further, (i) Plaintiffs lack Article III standing to bring claims asserting that Apple misrepresented that Powerbeats 2 and 3 are "sweat and water resistant" since they do not adequately allege that sweat or water caused their earphones to stop working, and (ii) the non-California and non-Texas Plaintiffs lack Article III standing to bring claims regarding Powerbeats 3 because none allege they purchased Powerbeats 3.

For these reasons, and the additional ones stated below, the FAC should be dismissed.

## II.   BACKGROUND AND STATEMENT OF FACTS.

The FAC's allegations are premised on a theory that Powerbeats 2 and 3 have a "design defect" that causes them to stop working and fail to retain a charge after "minimal usage." (¶ 4.) As a result, Plaintiffs claim Apple misrepresented that Powerbeats 2 and 3 are "Sweat & Water Resistant," (¶ 3), and had batteries that enabled the product to function for six or twelve hours, respectively, (*id.*). Based on these allegations, Plaintiffs purport to represent a nationwide class of purchasers of Powerbeats 2 and 3. (¶ 18.) In the alternative, the FAC alleges six subclasses on behalf of California, Florida, Pennsylvania, Louisiana, Texas, and Illinois residents. (¶¶ 20-26.)

### A.   Allegations Regarding Plaintiffs' Experiences with Powerbeats.

*Deonn Morgan*.  Plaintiff Morgan, a purported California resident, alleges that she purchased Powerbeats 2 for her son at a Best Buy store in May 2016. (¶ 70.) Prior to purchasing the earphones, she allegedly saw commercials where exercising athletes used Powerbeats 2. (*Id.*) She claims that she relied on Apple's representations that Powerbeats 2 were "sweat & water resistant," "built to endure," and could be used for hours before recharging. (*Id.*)

Morgan alleges that her son's Powerbeats 2 "stopped working and became unusable after her son used them for a wide-variety of activities." (¶ 72.) Morgan contacted Apple, which replaced her initial pair; and the replacement pair "began to malfunction soon after receipt and normal use." (*Id.*)

***Lydia Zepeda.*** Plaintiff Zepeda, a purported California resident, alleges that she purchased Powerbeats 3 from Costco in May 2017. (¶ 76.) She contends that she saw representations on the Costco Website and heard from a Best Buy employee that Powerbeats 3 were "sweat and water resistant" and had up to 12 hours of battery life. (¶ 77.) She also claims that she saw a commercial of Serena Williams exercising while wearing Powerbeats. (*Id*.) Zepeda claims that she "used the Powerbeats as directed, including while she exercised." (¶ 79.)

After seven weeks of use, her Powerbeats 3 purportedly began "failing to retain a charge, eventually failing to turn on at all." (¶ 80.) Zepeda contends that she contacted Apple and that Apple "representatives told her that the headphones were not covered by the manufacturer's warranty," and refused to replace the earphones. (¶ 81.)

***Sophia Ivy.*** Plaintiff Ivy, a purported Florida resident, alleges that she purchased Powerbeats 2 from the Home Shopping Network in December 2014. (¶ 85.) She purportedly relied on alleged misrepresentations on the Target and Home Shopping Network websites that the earphones were "sweat and water resistant" and had a battery that would last for six hours. (¶ 86.) Ivy claims that she "used the Powerbeats as directed, including to exercise." (¶ 89.)

She alleges that her Powerbeats 2 earphones "broke" after four months of use. (¶ 90.) She alleges that she received numerous replacement Powerbeats 2 earphones. (¶¶ 92.) Ivy claims that she received a Powerbeats 2 replacement where "the plastic ear piece snapped off during normal use." (¶ 92.) Ivy purports that she called Apple in May 2017 to receive a replacement and that Apple refused to replace her earphones, telling her that they were out of warranty. (¶ 94.)

***Jennifer Zielinski.*** Plaintiff Zielinski, a purported Pennsylvania resident, alleges that she purchased Powerbeats 2 earphones in April 2016 from a T-Mobile store. (¶ 98.) She asserts that she relied on Apple's representations that Powerbeats 2 were sweat and water resistant and could withstand sweat from an aerobic workout, and relied on Apple's purported representation that Powerbeats 2 batteries could last for six hours. (¶ 102.)

Zielinski contends that within approximately three weeks of purchase, her earphones stopped charging and would not turn on after she finished "exercising and sweating" on an exercise machine. (¶ 104.) Zielinski received replacement earphones, which worked for three months. (¶ 105.) Zielinski

alleges that she received multiple other replacement earphones from Apple. (¶ 106.) Apple representatives purportedly told her that "Powerbeats 2 cannot withstand heavy sweating." (¶ 107.)[2]

*Kelly Okorocha.* Plaintiff Okorocha, a purported Louisiana resident, alleges that he purchased Powerbeats 2 earphones from Best Buy in March 2016. (¶ 111.) Okorocha alleges that he relied on representations that the earphones were sweat and water resistant and durable enough to withstand a workout, and that he relied on Apple's representations that the Powerbeats 2 battery could last for hours. (¶ 115.) Okorocha claims that he exercised while using his Powerbeats 2.

By August 2016, his earphones supposedly "would stop holding a charge and/or stop turning on entirely." (¶ 117.) He contends that he asked Apple for a replacement, which Apple provided to him. (¶ 118.) The replacement pair purportedly stopped working months later. (¶ 119.)

Okorocha purchased another pair of Powerbeats 2 from Best Buy in January 2017, which allegedly stopped working by June 2017. (¶ 120, 123.)

*Christopher Bizzelle*. Plaintiff Bizzelle, a purported Texas resident, alleges that he purchased Powerbeats 2 from Best Buy in January 2016. (¶ 127.) Plaintiff Bizzelle alleges that he relied on Apple's representations that the Powerbeats 2 were sweat and water resistant and that Powerbeats 2 batteries have a six-hour battery life. (¶ 128.) Bizzelle claims that he "used the Powerbeats 2 headphones as directed, including while mountain biking and exercising at the gym." (¶ 128.) He alleges that after months the Powerbeats 2 "would not take a charge and would not turn on." (¶ 130.) Bizzelle received numerous replacements and an Apple representative purportedly told him that the issue could be sweat. (¶ 131.)[3]

Plaintiff Bizzelle also alleges that he purchased Powerbeats 3 at Costco in December 2017. (¶ 136.) He claims he relied on representations that Powerbeats 3 were "sweat-resistant" and had a battery that could last for 12 hours. (*Id.*) Bizzelle claims that he used his Powerbeats 3 to mountain bike and exercise. (¶ 138.) Months later, the Powerbeats 3 "would not take a charge and would not turn on." (¶

---

[2] The purported statement allegedly made by an unknown representative without any specific information lacks credibility and cannot support a claim *See Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, 2016 WL 304764, at *4 (N.D. Cal. Jan. 26, 2016) (discounting comments attributed to "two anonymous merchants commenting on an unidentified survey" and finding comments insufficient to support a claim because the claimant did not, *inter alia*, "provide any facts to support the inference that the survey exists or that the merchants' claims are credible.").

[3] This statement lacks credibility and cannot support a claim. (*See supra* note 3.)

COOLEY LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

139.) He received a replacement from Costco that did not turn on after months of use. (¶ 140.) Apple provided Bizzelle with replacement Powerbeats 3 earphones. (¶ 142.)

**Dana Rodenbeck**. Plaintiff Rodenbeck, a purported Illinois resident, alleges she purchased three pairs of Powerbeats 2 earphones in August 2015 from Amazon.com for her husband, son, and daughter. (¶ 145.) Rodenbeck alleges she relied on representations on Amazon.com, stating that Powerbeats 2 were "sweat resistant" and had a six hour battery life. (¶ 146.) Her husband, son, and daughter "used the Powerbeats headphones while exercising." (¶ 153.) A year later, "all three sets of headphones failed to hold a charge and would not turn on." (¶ 148.) Apple provided replacements, and the replacements allegedly would not turn on months later. (¶ 150.) Rodenbeck alleges Apple refused to send replacements since the one-year limited warranty expired. (¶ 151.)

**Missing allegations in the FAC**. Notably, absent from Plaintiffs' FAC is an explanation of what caused their earphones to stop working. Although some Plaintiffs allege that they used their earphones while exercising or exposed the earphones to sweat, none alleges facts showing sweat was the reason their earphones would not turn on. Further, although Zepeda alleges that Apple refused to replace her earphones, she does not allege what Apple told her, who she talked to, and when. Nor does she allege that she provided Apple with proof of purchase, such as a receipt, in order to utilize the warranty benefit. Further, Ivy and Rodenbeck allege Apple failed to replace their earphones; however, they do not allege that the earphones were covered by the one year limited warranty when they sought replacement. No other Plaintiff alleges Apple refused to replace earphones.

### B.   Apple's One-Year Limited Warranty.

Plaintiffs allege that the Powerbeats 2 and 3 have a one-year limited warranty that states:

> Your . . . Beats-branded hardware product ("Product") is warranted against **defects in materials and workmanship** for a period of ONE (1) YEAR from the date of original retail purchase ("Warranty Period") when used in accordance with Apple's user manuals . . . . Under this warranty, you will be able to direct your claims to Apple even in situations where you purchased the Apple Product from a third party. If a defect arises during the Warranty Period, Apple, at its option will (1) repair the Product at no charge using new parts or parts that are equivalent to new in performance and reliability, (2) exchange the Product with a product with equivalent functionality formed from new and/or previously used parts that are equivalent to new in performance and reliability or with your consent, a product that is at least functionally equivalent to the product it replaces, or (3) refund the original purchase price.

(¶¶ 176, 186 (emphasis added).)

**C.     Litigation History and Plaintiffs' Causes of Action.**

On September 12, 2017, Plaintiffs filed this action. (ECF No. 1.) Plaintiffs then filed a corrected complaint two days later (ECF No. 3-1, "Complaint"). Apple filed a motion to dismiss the Complaint on December 1, 2017. Plaintiffs filed the FAC on December 20, 2017 (ECF No. 28.) The FAC's claims fall into three categories: (1) fraud-based claims based on Apple's advertising and marketing; (2) Apple's purported breach of warranty obligations; and (3) negligence. (¶¶ 160-355.)

**1.     Fraud-Based Claims Based on Apple's Advertising and Marketing.**

Plaintiffs assert claims under the CLRA (Count XII) and UCL (Count XIII) on behalf of the nationwide class, the Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count XIV) on behalf of the Florida subclass, the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") on behalf of the Pennsylvania subclass (Count XV), and the Illinois Fraud and Deceptive Business Practices Act ("ICFA") on behalf of the Illinois subclass (Count XVI). Plaintiffs also allege a common law fraud claim (Count XVII) on behalf of the nationwide class.

**2.     Warranty Claims.**

Plaintiffs assert the following claims based on Apple's purported breach of its warranty obligations on behalf of a nationwide class: breach of the Magnuson-Moss Warranty Act ("MMWA") (Counts I and VII), breach of express warranty (Count II), breach of the California Song-Beverly Warranty Act related to implied warranty of merchantability (Count V), and implied warranty of fitness for a particular purpose (Count VI). They alternatively assert the breach of express warranty and implied warranties of merchantability and fitness for a particular purpose claims (Count II, V and VI) on behalf of a California subclass; bring express warranty (Count III, IV) and implied warranty of merchantability fitness for a particular purpose claims (VIII, X-XI) on behalf of Pennsylvania, Florida, Illinois, and Texas subclasses; and a breach of warranty against redhibitory defects claim on behalf of a Louisiana subclass (Count IX). (¶¶ 160-289.)

**3.     Negligence Claim.**

Plaintiffs bring a negligence claim (Count XVIII) on behalf of the nationwide class alleging that Apple "design[ed] and/or manufactur[ed] Powerbeats that are defective." (¶¶ 351-355.)

III.   **LEGAL STANDARDS.**

    **A.**    **Federal Rule of Civil Procedure 12(b)(1).**

    Rule 12(b)(1) compels dismissal when a plaintiff fails to establish Article III standing. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). Plaintiffs bear the burden of establishing standing to survive a motion to dismiss. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

    **B.**    **Federal Rule of Civil Procedure 12(b)(6).**

    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citation omitted). On a Rule 12(b)(6) motion to dismiss, courts assume the truth of factual allegations, but do not accept as true conclusions, allegations contradicted by judicially noticed facts, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F. 3d 992, 998 (9th Cir. 2010).

    **C.**    **Federal Rule of Civil Procedure 9(b).**

    In addition to the plausibility requirements stated above, with respect to fraud-based claims, Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting" the fraud. To satisfy Rule 9(b)'s requirements, a plaintiff must explicitly aver the "who, what, when, where, and how" of the alleged fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106-07 (9th Cir. 2003). A plaintiff must include allegations about the "time, place, and content of the alleged misrepresentations, the identities of the parties to the alleged misrepresentations, as well as an explanation as to why the statement or omission complained of is false or misleading." *Janda v. T-Mobile, USA, Inc.*, 2008 WL 4847116, at *4 (N.D. Cal. Nov. 7, 2009). A plaintiff also must allege reliance on the alleged fraudulent conduct with particularity. *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1126 (9th Cir. 2009); *see Oregon Pub. Employees Ret. Fund* v. *Apollo Group*, 774 F. 3d 598 (9th Cir. 2014) (Rule 9(b) applies to "all circumstances" of purported fraud, including causation).

**IV.   THE FAC FAILS TO STATE A SINGLE CLAIM AND SHOULD BE DISMISSED WITH PREJUDICE.**

**A.   The UCL, CLRA, FDUPTA, PUTPCPL, ICFA, and Common Law Fraud Claims (Counts XII-XVII) Lack Sufficient Facts to State a Claim.**

**1.   Rule 9(b) Applies to Counts XII-XVII.**

Plaintiffs' UCL, CLRA, FDUPTA, PUTPCPL, ICFA, and common law fraud claims (collectively the "Fraud-Based Claims") are subject to Rule 9(b)'s requirements. The Ninth Circuit has made clear that all "averments of fraud" are subject to Rule 9(b)'s heightened pleading standard "irrespective of whether the substantive law at issue is state or federal," and even where "fraud is not an essential element of a claim." *Kearns,* 567 F.3d at 1125-26 (applying Rule 9(b) to CLRA and UCL claims). Thus, Rule 9(b) can apply to each prong of the UCL. *Id.* at 1127. Rule 9(b) also applies to claims under other states' consumer protection laws when the claims are grounded in fraud. *Blair v. Wachovia Mortg. Corp.*, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012); *Thomas v. Chase Bank*, 2010 WL 1948266, at *2 (E.D. Pa. May 14, 2010); *Balogh v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 5890878, at *2 (N.D. Ill. 2017).[4]

Plaintiffs claim "Apple has defrauded the public and cheated its customers, including Plaintiffs." (¶ 6.) Further, the Fraud-Based Claims allege Apple misrepresented or failed to disclose facts concerning purported issues with Powerbeats 2 and 3. (¶¶ 290-336.) Thus, these claims are grounded in assertions of fraud, *Kearns*, 567 F.3d at 1126, and are subject to Rule 9(b)'s heightened pleading standard. *See Shields v. Alere Home Monitoring, Inc.*, 2015 WL 7272672, at *4, *6-*10 (N.D. Cal. Nov. 18, 2015) (applying Rule 9(b) to misrepresentation and omission claims). Plaintiffs' Fraud-Based Claims fail to satisfy Rule 8, let alone Rule 9(b), and the FAC should be dismissed.

**2.   Plaintiffs Do Not Allege Any Actionable Misrepresentation with Sufficient Particularity.**

Plaintiffs' fraud claims are faulty because the challenged statements are not actionable as a matter of law. Plaintiffs also failed to allege facts sufficient to support their claims that the statements are false or misleading.

---

[4] The FAC asserts that California law applies. (¶ 156.) This is not correct. Choice of law principles make clear that the home state of each class member should govern each claim. *See Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 589-590 (9th Cir. 2012). However, in light of this Court's prior statements that choice of law analysis should be deferred until after the pleading stage, *In re Google Inc.*, 2013 WL 5423918, at *19 (N.D. Cal. Sept. 26, 2013), except as otherwise noted, in this motion Apple will defer the choice of law analysis and focus on why Plaintiffs do not state a claim under any of the asserted laws. Apple reserves the right to challenge Plaintiffs' choice of law assertion in any subsequent motion or proceeding.

### a.     "Sweat and Water Resistant" Allegations Are Insufficient.

Apple's representation that Powerbeats 2 and 3 are "Sweat & Water Resistant" is not an actionable statement. *See Vitt v. Apple Computer, Inc.*, 469 Fed. Appx. 605, 607 (9th Cir. 2012) ("mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," "affordable," and "ideal student laptop," are inactionable statements).

This Court's decision in *Williamson v. Apple, Inc.,* 2012 WL 3835104, at *5 (N.D. Cal. Sept. 4, 2012) is illustrative. In that case, the Court held that the challenged statement that Apple used glass on the "front and back for optical quality and scratch resistance" was not actionable. *Id.* The Court stated that, "it is a well-known fact of life that glass can break under impact, even glass that has been reinforced. This much is known to the ordinary, reasonable consumer." *See id* at *5-6. Similarly, as it pertains to this case, a reasonable consumer would know that electronics, including earphones, are not impenetrable to water. The statement at-issue is "resistant," not "proof."

Even if the statement is potentially actionable, the FAC fails to allege with particularity that Apple's representation that Powerbeats 2 and 3 are sweat and water-resistant is false or caused any resulting damage. Plaintiffs' theory amounts to a charge that just because their Powerbeats "broke," the challenged statements about water and sweat resistance were deceptive. This is improper. The FAC does not tie allegations that the earphones stopped working to Apple's sweat and water resistance representations. (¶¶ 70-155.) No Plaintiff alleges that he or she exposed his or her earphones to water. Although one plaintiff (Zielinski) alleges she sweat while using her Powerbeats, she fails to plead facts showing that sweat incursion caused her Powerbeats to stop working. Without such allegations, Plaintiffs do not adequately plead that the Powerbeats were not sweat or water resistant. *See Haun v. Don Mealy Imports, Inc.*, 285 F. Supp. 2d 1297, 1307 (M.D. Fla. 2003) ("conclusory statements of 'direct and proximate result' do not state an element"); *see also Morgan v. Harmonix Music Sys., Inc.,* 2009 WL 2031765, at *3-6 (N.D. Cal. July 7, 2009), as amended (July 30, 2009) (rejecting argument that "any statement made by defendants that the Rock Band game could be played with drums was false because for certain customers, the pedal eventually failed").

### b.     Battery Life Allegations Are Insufficient.

Plaintiffs also allege that Apple misrepresented the battery life of Powerbeats 2 and 3. Plaintiffs

COOLEY LLP
ATTORNEYS AT LAW

10.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

allege that Apple's representation that Powerbeats 2 "offered" a six- hour rechargeable battery and that the Powerbeats 3 battery that lasted "up to" twelve hours, were false. These representations are not actionable. For instance, in *Tomek v. Apple, Inc*., 2013 WL 3872774, at *4 (E.D. Cal. July 25, 2013), the Court dismissed claims relating to alleged misstatements that a computer's battery could last "up to" 7 hours, in large part because a reasonable consumer would not have been "deceived" by the qualifier "up to." By the same principle, reasonable Powerbeats 2 and 3 purchasers would not have been "deceived" by the qualifiers "offered" or "up to." *See Maloney v. Verizon Internet Servs, Inc.*, 413 Fed. Appx. 997, 999 (9th Cir. 2011) (finding reasonable consumers would not be deceived by statement that Internet would be delivered at a speed of "up to 3 Mbps").

Even if the statements were potentially actionable, Plaintiffs fail to allege particularized facts showing that Powerbeats 2 and 3 batteries did not last for up to six or twelve hours. Plaintiffs make vague and conclusory allegations that their earphones "stopped working and became unusable," "broke," or "would not turn on." (¶¶ 70-155.) Absent from these allegations are any specific facts showing that these alleged issues were battery related. *See Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1145 (9th Cir. 2012) (affirming order finding plaintiff failed to allege that alleged computer defect was root cause of computers catching fire). This dooms Plaintiffs' battery life claims.

### c. Durability Allegations Are Insufficient.

In an undeveloped reference, Plaintiffs meld their complaints related to battery life and sweat and water resistance to take issue with the phrase "built to endure" in Apple's marketing and suggestions that the earphones can withstand a workout. (¶¶ 27(g-h).) Yet, representations that Powerbeats 2 and 3 are able to withstand a workout and are "built to endure" are quintessentially not tethered to objective criteria and therefore not actionable. *See Vitt*, 469 Fed. Appx. 605, 607 (9th Cir. 2012). Workouts, for instance, vary from person to person and session to session. Thus, claims based on images of athletes exercising are deficient. *See Baltazar v. Apple, Inc.*, 2011 WL 588209, at *4 (N.D. Cal. Feb. 10, 2011) (video showing iPad being used outdoors was not actionable as it did not promise that iPads could be used outdoors without interruption). Further, similar to the statement "built to last" that was found to not be actionable in *Williams v. United Techs. Corp.,* 2015 WL 7738370, at *8 (W.D. Mo. Nov. 30, 2015), Plaintiffs' claims based on purported written durability representations

COOLEY LLP
ATTORNEYS AT LAW

11.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

1    such as "built to endure" should be dismissed.

2           Even if the representations may be actionable, since Plaintiffs' bases for challenging them are

3    dependent on the battery life and sweat and water resistance allegations, Plaintiffs' failure to plead

4    facts contradicting those statements are fatal to their challenge of the durability claims.

5                  **3.      Plaintiffs Do Not Allege Facts with Particularity to Support Their**
                           **Conclusory Reliance Allegations.**
6

7           Certain of Plaintiffs' Fraud-Based Claims should also be dismissed because the FAC does not

8    allege with particularity what statements Plaintiffs found material when purchasing the Powerbeats 2

9    or 3. *See Kearns*, 567 F.3d at 1126 (holding Rule 9(b) was not satisfied where plaintiff did not specify

10   "when he was exposed to" alleged misrepresentations, "which ones he found material," or "which

11   sales material he relied upon in making his [purchase] decision"); *Baltazar*, 2011 WL 588209, at *2

12   ("Plaintiffs must identify the particular commercial or advertisement upon which they relied and must

13   describe with the requisite specificity the content of that particular commercial or advertisement.").

14          ***Sweat and Water Resistance; and Battery life.*** Plaintiffs Zepeda, Ivy, and Rodenbeck only

15   allege that they saw representations on non-Apple websites. (¶¶ 77, 86, 146) They do not explain

16   where on the website the representations were, the specific language on the website, or how the

17   statements are attributable to Apple. (*Id.*) This supports dismissal of their claims. *See Herrington v.*

18   *Johnson & Johnson Consumer Cos.*, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010) (Rule 9(b)

19   requires identification of "the circumstances in which they were exposed to" misrepresentations).

20          ***Durability***. The only plaintiff who claims to have seen the phrase "built to endure" (Morgan)

21   fails to allege when or where she saw it. Thus, not a single Plaintiff has properly pled the "who, what,

22   when, where, and how" of the alleged fraudulent conduct as it pertains to durability. *See Vess,* 317

23   F.3d at 1106-07. Further, to the extent Plaintiffs take issue with purported representations that the

24   Powerbeats 2 and 3 can "withstand 'working out,'" (¶ 27(h)) or were suitable for exercise (¶¶ 70-155),

25   such a claim fails since Plaintiffs did not plead specifics regarding the representations Plaintiffs relied

26   on, including, significantly, the wording of the representations. Plaintiff Morgan's allegation about a

27   commercial containing athletes "using the headphones while engaging in rigorous exercise" lacks

28   specifics regarding the purported representation. (¶ 71.) Likewise, the videos that Zielinski, Okorocha,

1  and Zepeda reference are also insufficient as they do not point to a specific representation. *See*
2  *Baltazar.*, 2011 WL 588209, at *4 (video showing iPad used outdoors not actionable). These sparse
3  durability claims are inadequate to plead reliance. *See Herrington*, 2010 WL 3448531, at *7.

### 4.   Plaintiffs Do Not Allege an Actionable Omission with Particularity.

5  The FAC vaguely alleges that Apple concealed purported "defects" from consumers. (*E.g.*,
6  ¶¶294, 304.) However, no Plaintiff has adequately alleged the existence of a "defect" that was
7  purportedly omitted since no Plaintiff has adequately alleged that these purported "defects" caused his
8  or her earphones to stop working. (Section IV.A.2, *supra*.)

9  Even absent these deficiencies, Plaintiffs' Fraud-Based claims lack facts to support an
10 omissions theory. For an alleged omission to be actionable, it "must be contrary to a representation
11 actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."
12 *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *9 (N.D. Cal. Oct. 13, 2009) (citation
13 omitted). A plaintiff must also allege the defendant knew the omitted fact. *Baba v. Hewlett-Packard*
14 *Co.*, 2010 WL 2486353, at *4 (N.D. Cal. June 16, 2010).

15 As noted, Plaintiffs fail to plead sufficient facts to support their claim that any statement by
16 Apple was untrue or misleading and certain of their reliance allegations are deficient. (*Supra* Section
17 IV.) Further, Apple was not under a duty to disclose any alleged defect with the Powerbeats 2 or 3
18 because the purported sweat, water, and battery issues did not raise any safety concerns. *See*
19 *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 971 (N.D. Cal. 2008) ("safety consideration" an
20 "integral" factor in the materiality determination).

21 Additionally, Plaintiffs' omission claims fail because Plaintiffs fail to adequately plead that
22 Apple knew of any alleged defect at the time of sale. To the extent Plaintiffs allege that customer
23 reviews and complaints provided Apple with awareness, such an argument fails. Courts have
24 repeatedly held that such reviews and complaints do not sufficiently plead knowledge of the defect.
25 *See Baba,* 2010 WL 2486353, at *4 (N.D. Cal. June 16, 2010) (holding allegation that "[defendant] is
26 aware of the defect due to the numerous complaints it has received, as well as those posted on the
27 internet including in consumer forums on [its website]" was inadequate to plead knowledge) (cited
28 with approval in *Wilson*, 668 F.3d at 1145). For example, in *Berenblat v. Apple Inc.*, 2010 WL

COOLEY LLP
ATTORNEYS AT LAW
13.
DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

1460297, at *11 (N.D. Cal. Apr. 9, 2010), the Court granted Apple's motion to dismiss, holding that complaints regarding the alleged defect at-issue did not establish that Apple had knowledge of the purported defect. *Id.* ("[C]omplaints posted on Apple's consumer website merely establish the fact that some consumers were complaining"). Plaintiffs' advertising and marketing claims based on omissions therefore cannot save their claims from dismissal.

### 5.	More Reasons Plaintiffs' CLRA Claim (Count XII) Fails to State a Claim.

Plaintiffs allege that Apple violated sections 1770(a)(5), (a)(7), and (a)(9) of the CLRA. Plaintiffs' claims under all three prongs are insufficiently plead because, as stated in Section IV.A.4, Plaintiffs have not adequately pled that Apple had knowledge of the purported defect. As recognized by the Ninth Circuit, "under the CLRA, plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson,* 668 F.3d at 1145. Additionally, the (a)(9) claim, which covers "bait and switch" advertising, fails because Plaintiffs fail to allege that the Powerbeats 2 and 3 that they purchased were not the same Powerbeats 2 and 3 that they thought they were purchasing. *See Taylor v. Nike, Inc.*, 2017 WL 663056, at *8 (D. Or. Feb 17, 2017). Finally, Plaintiffs' allegations regarding pre-suit notice fail to satisfy *Iqbal*. (*See* ¶ 299.)

### B.	The Express Warranty Claim (Count II) Lacks Sufficient Facts to State a Claim.

Plaintiffs allege express warranty claims based on Apple's (1) one-year limited warranty, (2) purported claim that the Powerbeats 2 and 3 are "Sweat & Water Resistant," and (3) purported battery life misrepresentations. Under California law, express warranty claims require: (1) the terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty that proximately caused plaintiff's injury. *Tipton v. Zimmer, Inc.,* 2016 WL 7656131, at *4 (C.D. Cal. July 25, 2016) (citation omitted). Plaintiffs must also plead pre-suit notice to defendant company. Cal. Com. Code § 2607(3)(A); U.C.C. § 2-607(3)(A); *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).

### 1.	Apple's One Year-Limited Warranty Does Not Cover the Alleged Sweat and Water Resistance, or Battery Issues.

The FAC's express warranty claim premised on Apple's one-year limited warranty should be dismissed because the warranty only covers "defects in materials and workmanship," not the purported "design" defects underlying Plaintiffs' FAC. *Davidson v. Apple, Inc.*, 2017 WL 976048, at *11 (N.D. Cal. Mar. 14, 2017) at *11 (dismissing express warranty claim where warranty covered defects in

Cooley LLP
Attorneys At Law

14.

Defendant's Notice of Motion & MPA ISO MTD
Plaintiffs' FAC
Case No. 4:17-cv-5277

materials and workmanship but plaintiff alleged design defects).

In the Ninth Circuit "[a]n express warranty covering 'materials and workmanship' does not include design defects." *Id.* at *11; *Clark v. LG Elecs USA, Inc.*, 2013 WL 5816410, at *7 (S.D. Cal. Oct. 29, 2013); *Gertz v. Toyota Motor Corp.*, 2011 WL 3681647, at *3 (C.D. Cal. Aug. 22, 2011), *aff'd sub nom Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668 (9th Cir. 2013). There can be no dispute that the one-year limited warranty at-issue only covers "materials and workmanship." (¶ 111 ("Your . . . Beats-branded hardware product . . . is warranted against **defects in materials and workmanship** for a period of ONE (1) YEAR from the date of original retail purchase . . . when used in accordance with Apple's user manuals…") (emphasis added).) Thus, to state a claim for breach of the limited warranty, Plaintiffs must plead facts showing a defect in materials and workmanship exists. *Cf. Davidson*, 2017 WL 976048, at *11 (stating a "manufacturing defect" exists when "an item is produced in a substandard condition" and is demonstrated "by showing the product performed differently from other ostensibly identical units of the same product line.") (internal alterations, quotation marks and citation omitted); *see Troup*, 545 Fed. Appx. at 668.

Plaintiffs do not plead a defect in materials and workmanship. Instead, Plaintiffs expressly allege that Powerbeats 2 and 3 "contain a **design defect** that causes the battery life to diminish and eventually stop retaining a charge." (¶ 4 (emphasis added).) While Plaintiffs seek to avoid this characterization by also making a conclusory allegation that defects in "materials and workmanship" are present (¶ 178), such a conclusory characterization is undermined by Plaintiffs' class definition.[5] Plaintiffs seek to represent a nationwide class of "all purchasers" of Powerbeats 2 and 3, suggesting a theory premised on an alleged defect with the earphones' design. *See Davidson*, 2017 WL 976048, at *11 (finding intention to represent "all purchasers … suggests that [p]laintiffs are alleging an inherent defect in the iPhone's design, which is not covered by the Limited Warranty provision covering defects in 'materials and workmanship.'").

### 2.   Even If the One-Year Warranty Did Apply, Plaintiffs Fail to Adequately Plead that Apple Breached It.

*Assuming arguendo* the one-year limited warranty is applicable to Plaintiffs' claims, Plaintiffs

---

[5] The allegation that Ivy's "plastic ear piece snapped off" does not support Plaintiffs' manufacturing defect theory because she alleges she received replacement earphones.  (¶ 92.)

COOLEY LLP
ATTORNEYS AT LAW

15.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

1   still have not alleged a breach of warranty claim related to it.

2          Plaintiffs Morgan, Okorocha, Zielinski, and Bizzelle allege they received numerous

3   replacement earphones. They do not contend that they contacted Apple again or that Apple ever

4   refused to replace their earphones during the warranty period. Like in *In re Seagate Tech. LLC Litig.*,

5   233 F. Supp. 3d 776, 785 (N.D. Cal. 2017), this failure dooms Plaintiffs' claims. In that case, Seagate's

6   warranty—similar to Apple's [6] warranty—promised to replace defective products with functional

7   equivalents. The plaintiffs alleged that Seagate breached its express warranty by replacing defective

8   products with allegedly similarly defective products. The Court dismissed plaintiffs' claims, holding

9   that "failure of a replacement drive . . . is not in itself a breach of the express terms of Seagate's

10  warranty, so long as Seagate provided a further replacement upon request if the drive was still within

11  warranty." *In re Seagate Tech.*, 233 F. Supp. 3d at 782. Plaintiffs Ivy and Rodenbeck allege that after

12  receiving numerous replacements, Apple refused to further replace the earphones, allegedly stating

13  that the Powerbeats were not within the warranty period. (¶¶ 85-97, 145-155.) However, allegedly

14  failing to provide repair outside the warranty period is not a breach of the warranty. *Daugherty v. Am.*

15  *Honda Motor Co.*, 144 Cal. App. 4th 824, 824 (2006) ("The general rule is that an express warranty

16  does not cover repairs made after the applicable time or mileage periods have elapsed.") (citation

17  omitted); *see In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,

18  758 F. Supp. 2d 1077, 1095 (S.D. Cal. 2010).

19         Ivy and Rodenback's claims fail for similar reasons. Ivy was purportedly denied a replacement

20  pair over a year after the limited warranty ended. (¶¶ 85-97.) Further, Rodenbeck does not allege she

21  sought repair from Apple within a year of her purchase. (¶¶ 145-155.)

22         Although Zepeda alleges that "Apple representatives told her that the headphones were not

23  covered by the manufacturers warranty," she fails to allege sufficient facts to show that Apple breached

24  the warranty. (¶¶ 76-84.) Zepeda provides no facts regarding which Apple representative she spoke

25  to, when, nor what the representative purportedly said related to warranty coverage. Without such

26  detail, Zepeda fails to allege that she complied with the pre-requisites for use of Apple's one-year

27  limited warranty, such as providing Apple with the requisite proof of purchase. *See McVicar v.*

28  ─────────────────────
[6] Apple can "exchange the Product with a product with equivalent functionality." (¶ 176.)

1    *Goodman Global, Inc.*, 2014 WL 12573991, at *10 (C.D. Cal. Aug. 4, 2014) (granting motion to

2    dismiss warranty claim where plaintiffs failed to allege compliance with prerequisites to file a claim,

3    namely requesting replacement parts). Without more facts pled in the FAC, Zepeda cannot allege a

4    breach of the one-year limited warranty.

### 3. Plaintiffs Cannot Plead an Express Warranty Claim Based on Purported Sweat and Water Resistance and Battery Life Representations.

7        Apart from the one-year limited warranty, Plaintiffs allege that Apple warranted through its

8    advertising and labeling that Powerbeats 2 and 3 were "sweat and water resistant" and had a 6 hour

9    (Powerbeats 2) or 12 hour (Powerbeats 3) battery life. (¶¶ 175-203.)[7] Plaintiffs are wrong.[8] Apple did

10   not make such warranties. An express warranty exists only if the challenged statement sets forth a

11   "specific and unequivocal" "explicit guarantee." *In re iPhone 4S Consumer Litig.*, 2014 WL 589388,

12   at *8 (N.D. Cal. Feb. 14, 2014) (citation omitted). Here, the challenged statements regarding sweat

13   and water resistance and battery life are not specific enough to create express warranties. *See*

14   *Williamson,* 2012 WL 3835104, at *5 (statement that Apple used glass on the "front and back for

15   optical quality and scratch resistance" failed to create an express warranty).

16       Even if Plaintiffs could plead the existence of express warranties related to water and sweat

17   resistance or battery life (they cannot), Plaintiffs fail to allege that such warranties caused their injuries.

18   *See Vavak v. Abbott Labs., Inc.*, 2011 WL 13130493, at *3 (C.D. Cal. Mar. 17, 2011) ("Because

19   [plaintiff] has failed to allege proximate cause [of her alleged injuries], she has failed to state a claim

20   for express warranty" with respect to Abbott's infant formula products). Plaintiffs' conclusory

21   allegations that the earphones stopped working fails to explain in any detail what actually caused the

22   earphones to stop working. Not one of the Plaintiffs allege that water caused his or her Powerbeats 2

23   or 3 to stop working. (¶¶ 70-155.) The only plaintiff that specifically alleges that he or she sweat is

24   Zielinski, and she does not allege that she sweat while wearing the earphones, nor does she allege facts

25   showing that sweat caused the earphones to stop working. Similarly, Plaintiffs do not allege that before

26   their purported issues arose their batteries failed to last six (Powerbeats 2) or twelve (Powerbeats 3)

---

[7] Plaintiffs do not, because they cannot, plead that the limited warranty is the basis for these claims.
[8] Plaintiffs do not include the purported durability representations in their warranty claims. Regardless, the durability allegations are insufficient to state a warranty claim. (*See* Section IV.A.2.)

COOLEY LLP
ATTORNEYS AT LAW

17.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

1   hours. *See Vavak*, 2011 WL 13130493, at *3.

2   Finally, Plaintiffs Zepeda, Ivy, and Rodenbeck's express warranty claims also fail since they

3   failed to adequately allege which advertisements they were exposed to and when they were exposed

4   to them. *See iPhone 4S Consumer Litig.*, 2014 WL 589388, at *8 (allegations of "reasonable reliance"

5   necessary for a breach of warranty claim).

6   ### 4. Plaintiffs Fail to Plead Pre-Suit Notice.

7   Plaintiffs' express warranty claim fails to allege facts indicating that they provided Apple with

8   the requisite pre-suit notice of their warranty claims. Indeed, Plaintiff's warranty claim does not even

9   address the issue of pre-notice. Thus, it is subject to dismissal. *Alvarez*, 656 F.3d at 932; *Donohue v.*

10  *Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012).

11  ### C. The Pennsylvania, Florida, Illinois, and Texas Express Warranty Claims (Counts
12  ### III-IV) Lack Sufficient Facts to State a Claim.

13  Plaintiffs' express warranty claims under Pennsylvania, Florida, Illinois, and Texas law fail

14  for similar reasons as their warranty claims under California law. As noted, warranties like the Apple

15  One (1) Year Limited Warranty – Accessory Only – For Apple and Beats Branded Products Only at-

16  issue here covers "materials and workmanship," and do not encompass the alleged "design defects"

17  Plaintiffs identify in the FAC. *See Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*, 508 Fed. Appx.

18  180, 181, 184-5 (3rd Cir. 2012) (warranty covering materials and workmanship did not cover design

19  defects under Pennsylvania law*); Craig v. Total Quality Logistics, LLC*, 2017 WL 1533840, at *2

20  (M.D. Fla. Jan. 30, 2017) ("[W]hen the language of a contract is clear and unambiguous, the plain

21  meaning of the language controls"); *Ross Neely Sys., Inc. v. Navistar, Inc.*, 2015 WL 12939110, at *2

22  (N.D. Tex. 2015) (warranty to repair or replace defects in materials and workmanship did not include

23  design defects); *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 635, 253 (Ill. App. 1 Dist. 2001)

24  (warranty covering defects in materials and workmanship do not cover design defects). And even if

25  the one-year limited warranty covered Plaintiffs' alleged defects, Zielinski (Pennsylvania), Ivy

26  (Florida), Bizzelle (Texas), and Rodenbeck (Illinois) failed to adequately allege Apple breached the

27  warranty since none contends that Apple refused to replace their earphones within the warranty period.

28  Further, Plaintiffs' express warranty claims based on purported sweat and water resistance and

COOLEY LLP
ATTORNEYS AT LAW

18.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

1  battery life fail because (i) those alleged statements do not create express warranties, (ii) certain

2  Plaintiffs fail to adequately allege reliance and (iii) Plaintiffs fail to allege that the purported

3  misrepresentations caused their injuries. (*See supra* Section IV.A.)

4          Additionally, under Florida, Illinois, and Texas law, Plaintiffs' express warranty claims related

5  to sweat and water resistance and battery life fail because Plaintiffs lack privity with Apple. "A

6  plaintiff who purchases a product, but does not buy it directly from the defendant, is not considered to

7  be in privity with that defendant." *T.W.M. v. Am. Med. Sys., Inc.*, 886 F.Supp. 842, 844 (N.D. Fla.

8  1995) (dismissing warranty claims for lack of privity where plaintiff bought product from third-party);

9  *Canadian Pac. Railway Co. v. Williams-Hayward Protective Coatings, Inc.*, 2005 WL 782698, at *25

10  (N.D. Ill. Apr. 6, 2005) (dismissing express warranty claims where plaintiff failed to establish privity

11  with manufacturer); *Barragan v. Gen. Motors* LLC, 2015 WL 5734842, at *9 (W.D. Tex. Sept. 30,

12  2015) (dismissing express warranty claims because plaintiff did not purchase vehicle at issue from

13  General Motors). Here, Ivy (Florida) alleges she purchased the earphones from the Home Shopping

14  Network. (¶ 85.) Rodenbeck (Illinois), contends that she purchased her Powerbeats 2 from

15  Amazon.com. (¶ 145.) Similarly, Bizzelle (Texas) purchased his Powerbeats from Best Buy. (¶ 127.)

16          The warranty claims of Ivy (Florida), Rodenbeck (Illinois), Zielinski (Pennsylvania), and

17  Bizzelle (Texas) also fail under because they failed to provide Apple with pre-suit notice of such

18  claims. Fla. Stat. § 672.607; 810 ILCS 5/2-607(3)(a); 13 Pa. Stat. & Cons. Stat. Ann. § 2607;Tex. Bus.

19  & Com. Code § 2.607(c)(1)); *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 202 (Tex. App.

20  2003) (reversing warranty judgment for plaintiff when no evidence pre-suit notice was given).

21      **D.      The Implied Warranty Claims (Counts V-VI, VIII, X-XI) Lacks Sufficient Facts
               to State a Claim.**

22
23          **1.      The Song-Beverly Consumer Warranty Act—Implied Warranty of
                       Merchantability Claim (Count V) Is Insufficiently Plead.**

24          The Song-Beverly Consumer Warranty Act covers only California purchases. *See In re Sony

25  Grand Wega*, 758 F. Supp. 2d at 1100; *Morgan v. Harmonix Music Systems*, Inc., 2009 WL 2031765,

26  at *2 (N.D. Cal. July 7, 2009). None of the non-California plaintiffs (Ivy, Okorocha, Zielinski, and

27  Rodenbeck) allege that they purchased their Powerbeats 2 or 3 in California. (*See* ¶¶ 58-91.) As a

28  result, this claim should be dismissed as to the non-California plaintiffs and the nationwide class.

The California Plaintiffs' Song-Beverly claims likewise fail. Morgan's claim is undermined by (i) the assertion she received a replacement pair of earphones for her allegedly malfunctioning pair, and (ii) her failure to allege she was unable to adequately use the replacement pair of earphones for the remainder of the warranty-period. *Marcus v. Apple Inc.,* 2015 WL 151489, at *9 (N.D. Cal. Jan. 8, 2015) (finding plaintiff whose "computer allegedly suffered a logic board failure one month after purchase, but was replaced by Apple for free" lacked breach of implied warranty of merchantability claim when there was no allegation replacement computer failed during warranty period); *Long v. Hewlett-Packard Co.,* 2007 WL 2994812, at *4 (N.D. Cal. July 27, 2007). Additionally, neither Morgan or Zepeda plead facts showing the alleged defects occurred from listening to music under ordinary circumstances, as opposed non-ordinary use. (¶¶ 70-155); *cf. Tomek v. Apple Inc.,* 2012 WL 2857035, at *7 (E.D. Cal. July 11, 2012) (heavy use of computer not "ordinary use").

### 2.    The Implied Warranty of Fitness Claim under California Law (Count VI) Is Insufficiently Plead.

Plaintiffs' implied warranty of fitness claim under California law fails because the earphones' alleged particular purpose is identical to their ordinary purpose. *Marcus*, 2015 WL 151489, at *9 (dismissing fitness claim where "plaintiffs plainly fail to allege that the computers were used for any purpose other than their ordinary use"). Although Plaintiffs allege the particular purpose is to use while exercising, this only reiterates the ordinary use of earphones of listening to music. (¶224.) Regardless, Plaintiffs fail to allege facts showing the earphones are not suitable for exercise as the FAC does not explain how exercising caused any issues with the earphones.

Moreover, to the extent Plaintiffs' fitness claim is premised on the Song-Beverly Consumer Warranty Act, the claim must be dismissed as to the non-California plaintiffs (Ivy, Okorocha, Zielinski, and Rodenbeck). *See In re Sony Grand Wega*, 758 F. Supp. 2d at 1100. And if the claim is not based on the Song-Beverly Consumer Warranty Act, it fails as to every Plaintiff due to a lack of notice, (Section IV.B.4, *supra*) and vertical privity since no Plaintiff alleges they purchased earphones directly from Apple. *Azar v. Gateway Genomics, LLC*, 2017 WL 1479184, at *6 (S.D. Cal. Apr. 25, 2017) ("A plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant."); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005).

Cooley LLP
Attorneys At Law

20.

Defendant's Notice of Motion & MPA ISO MTD
Plaintiffs' FAC
Case No. 4:17-cv-5277

### 3. Implied Warranties of Merchantability and Fitness Claims under Pennsylvania, Florida, Illinois, and Texas Law (Counts VIII, and X-XI) Are Insufficiently Plead.

Plaintiffs allege breach of the implied warranty of merchantability under Pennsylvania, Florida, Texas, and Illinois law on the ground that Powerbeats 2 and 3 are not fit for their ordinary purpose. Plaintiffs also allege breach of the implied warranty for a particular purpose under each of those state's laws. These claims fail for multiple reasons.

First, these claims fails under Florida and Illinois law for lack of vertical privity. *See Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1267 (N.D. Fla. 2012); *Jensen v. Bayer AG*, 862 N.E.2d 1091, 1099 (Ill. App. 1 Dist. 2007). Second, they fail for lack of pre-suit notice. (Section IV.C, *supra*, *citing, e.g., Tire-Tech*, 110 S.W.3d at 202.) Third, Plaintiffs' breach of the implied warranty of merchantability claims fail due to a lack of facts in the FAC indicating that Powerbeats 2 and 3 were not fit for their ordinary purpose. Plaintiffs Ivy, Zielinski, Bizzelle and Rodenbeck received replacement earphones during the warranty period, thereby undermining their breach of implied warranty of merchantability claims. *See Marcus,* 2015 WL 151489, at *9. Further, all non-California Plaintiffs fail to allege sufficient facts indicating the alleged defects occurred due to their ordinary use of the earphones. *Cf. Tomek*, 2012 WL 2857035, at *7 (heaving computer use not "ordinary use"). Fourth, Plaintiffs fail to adequately allege the earphones were not fit for their particular purpose. Plaintiffs' attempt to argue that use when exercising is a particular purpose (¶ 224), fails since it does not allege a use different than the earphones' ordinary purpose.[9] *See Royal Typewriter Co., Inc. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1100 (11th Cir. 1983). Also, Plaintiffs have not alleged facts showing the alleged issues were caused by exercise.

### 4. The Breach of Warranty Against Redhibitory Defects Claim (Count IV) Under Louisiana Law Is Insufficiently Plead.

A redhibition claim under Louisiana law requires (1) a "redhibitory" defect,[10] and (2) the defect existed at the time of delivery and was not known or apparent to the buyer. *Coleman v. Sears*

---

[9] A "particular purpose" must be distinct from the "ordinary purpose". Fla. Stat. § 672.315 cmt. 2; 810 ILCS 5/2-315 cmt. 2; 13 Pa. Cons. Stat. § 2315 cmt. 2; Tex. Bus. & Com. Code § 2.315 cmt.2.
[10] A defect is "redhibitory" when: (1) "it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect;" or (2) "without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." La. Civil Code art. 2520.

COOLEY LLP
ATTORNEYS AT LAW

21.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

*Home Improvement Prods., Inc.*, 2017 WL 1089580, at *7 (E.D. La. Mar. 21, 2017). Under Louisiana Civil Code article 2522, the buyer must give the seller notice that a redhibitory defect exists and allow the seller an opportunity to make repairs, or else suffer a "diminution of the warranty." Okorocha fails to allege that he provided Apple with pre-suit notice of his redhibition claim and therefore this claim should be dismissed. Further, as with the Plaintiffs, Okorocha fails to allege sufficient facts indicating the alleged defects occurred due ordinary use of the earphones.

### E.    The MMWA Claims (Counts I and VII) Fall with the State Law Claims.

Plaintiffs' Magnuson-Moss Warranty Act claims (Count I and VII) must be dismissed for two reasons. First, the claim necessarily fails because it is dependent on Plaintiffs' state law warranty claims. *Daugherty*, 144 Cal. App. 4th at 832-33 (dismissing MMWA claim as plaintiff failed to plead a claim for breach of express warranty under California law). As established above, Plaintiffs have not stated a breach of warranty claim. Second, the MMWA states that "[n]o claim shall be cognizable . . . if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 574 n.5 (9th Cir. 2004) (stating that "[plaintiffs'] claims do not appear viable in light of the requirement of 100 named plaintiffs to maintain a federal class action based on the [Magnuson-Moss] Act"); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 243-47 (2d Cir. 1986) (recognizing the MMWA's 100 named plaintiff requirement). Here, Plaintiffs have seven named plaintiffs, far short of 100, and thus Plaintiffs' MMWA claim should be dismissed.

### F.    The Negligence Claim (Count XVIII) Lacks Sufficient Facts to State a Claim.

Plaintiffs' negligence claim should be dismissed because Plaintiffs suffered no physical injury or damage to other property. It is black letter California law that a plaintiff cannot assert negligence liability theories against the manufacturer of a product where the only alleged losses the plaintiff sustained are economic. *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820 (N.D. Cal. 2014) (dismissing negligence claim because plaintiff's claim that Apple Maps on her iPhone was inconsistent and inaccurate alleged only economic loss). "[T]he economic loss rule allows a plaintiff to recover in strict products liability [or negligence] [only] when a product defect causes [personal injury] or damage to 'other property,' that is, property *other than the product itself*." *Jimenez v. Sup. Ct.*, 29 Cal. 4th 473,

COOLEY LLP
ATTORNEYS AT LAW

22.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

483 (2002) (emphasis in original). Plaintiffs fail to allege they suffered personal injury or damage to other property as a result of any alleged defect. Plaintiffs' claim is that their Powerbeats 2 and 3 stop working. Such a claim does not and cannot result in any personal injury or damage to other property. Plaintiffs' negligence claim should be dismissed.

## V. PLAINTIFFS LACK ARTICLE III STANDING TO BRING THE FULL SCOPE OF CLAIMS PLEAD.

### A. Plaintiffs Lack Standing to Bring Claims Based on Apple's Alleged Representation That Powerbeats 2 and 3 Are "Sweat and Water Resistant."

To the extent any claims survive, the Court should dismiss all claims based on Apple's alleged representation that Powerbeats 2 and 3 are "Sweat & Water Resistant." Dismissal is warranted because Plaintiffs failed to allege standing to assert such claims under Article III of the U.S. Constitution. To establish standing, a plaintiff bears the burden of alleging facts showing (1) an injury in fact, (2) that the injury was caused by the challenged conduct, and (3) that a favorable decision will redress the injury. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the "causation" requirement, plaintiffs must plead "a causal connection between the injury and the conduct complained of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant.'" *Lujan*, 504 U.S. at 560.

Here, the FAC fails to allege that sweat or water caused Plaintiffs' Powerbeats 2 or 3 to stop working. (*See* ¶¶ 70-155.) Plaintiffs simply make vague and conclusory allegations that their earphones "stopped working and became unusable," "broke," or "would not turn on." (*Id.*) Yet, not one plaintiff alleges that he or she exposed his or her Powerbeats to water. And, although one Plaintiff allege that she sweat while wearing her Powerbeats, she does not allege facts showing that sweat caused her earphones to stop working. This is insufficient to plead standing. *See Birdsong v. Apple Inc.*, 590 F.3d 955, 960-61 (9th Cir. 2009) (no standing where plaintiff failed to allege exposure to purported cause of hearing loss); *Lujan*, 504 U.S. at 560 (citation omitted).

### B. The Pennsylvania, Florida, Louisiana, and Illinois Plaintiffs Lack Standing to Bring Claims (Counts III, VI, VII, X, and XI) With Respect to Powerbeats 3.

The FAC alleges claims brought by a purported nationwide class and six subclasses from California, Pennsylvania, Florida, and Louisiana. Each subclass is allegedly comprised of "[a]ll persons . . . who purchased Powerbeats 2 or 3 headphones." (¶¶ 20-26.) However, of named Plaintiffs,

COOLEY LLP
ATTORNEYS AT LAW

23.

DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277

1    Zepeda, a purported California resident, and Bizzelle, a purported Texas resident are the only alleged

2    Powerbeats 3 purchasers. (*See* ¶¶ 70-155.) Thus, the Pennsylvania, Florida, Illinois, and Louisiana

3    Plaintiffs lack standing to bring claims with respect to Powerbeats 3.

4          Courts in this Circuit employ two standards to determine whether a plaintiff may assert claims

5    on behalf of a class for products she did not buy: a bright-line rule and a determination of whether

6    products are "substantially similar." Plaintiffs fail both tests.

7          The bright-line rule applied by some courts dictates that a plaintiff in a putative class action

8    "cannot expand the scope of his claims to include a product he did not purchase or advertisements

9    relating to a product that he did not rely upon." *Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D.

10   Cal. Feb. 9, 2010); *accord Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11,

11   2012); *Hairston v. S. Beach Beverage Co., Inc.*, 2012 WL 1893818, at *5 n.5 (C.D. Cal. May 18,

12   2012). The bright-line rule is most in line with the standing requirements of Article III. *See Spokeo*,

13   136 S. Ct. at 1547 n.6. Here, the non-California Plaintiffs do not allege that they purchased Powerbeats

14   3. If the Court applies the bright-line rule, the non-California Plaintiffs lack standing to assert claims

15   based on products they did not buy and representations she did not rely on, and their class allegations

16   should be dismissed.

17         Courts that do not apply the bright-line rule, examine "whether there is sufficient similarity

18   between the products purchased and not purchased." *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d

19   1000, 1005 (N.D. Cal. 2012) (citation omitted). Under this standard Plaintiffs' claims also fail since

20   the FAC lacks any factual detail so that the Court can "make a finding that the unpurchased products

21   bear any similarity to" Plaintiffs' products. *See Nunez v. Saks Inc.*, 2017 WL 1184058, at *5 (S.D. Cal.

22   Mar. 22, 2017) (finding claims related to unpurchased products were insufficiently pled because "a

23   plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted

24   inferences in order to find standing") (citation omitted). Instead, Plaintiffs plead that there are a

25   number of significant differences between Powerbeats 2 and 3, such as Powerbeats 3 being powered

26   with a different computer chip, the Apple W1 chip. (¶ 46.) The W1 Chip allegedly doubled the

27   Powerbeats 3 battery life to up twelve hours as opposed to up to six hours with the Powerbeats 2. (*Id.*)

28   Further, the products were launched over two years apart from each other. (*Id.*)

COOLEY LLP
ATTORNEYS AT LAW

24.

**DEFENDANT'S NOTICE OF MOTION & MPA ISO MTD
PLAINTIFFS' FAC
CASE NO. 4:17-CV-5277**

1    The Court should exclude Powerbeats 3 from the non-California and non-Texas claims.

2    **C.    Plaintiffs Lack Standing to Seek Injunctive Relief Related to Selling and
3           Marketing in the Future.**

4        A party seeking injunctive relief from a federal court must allege not only that she has "suffered

5    or [is] threatened with a concrete and particularized legal harm[,]" but also that there is "a sufficient

6    likelihood that [she] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511

7    F.3d 974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted). The harm must be

8    "actual or imminent." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). In a putative

9    class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may

10   not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir.

11   1999). Further, to seek injunctive relief, a plaintiff must plead he has a "current desire" to purchase

12   the product. *Broomfield v. Craft Brew Alliance, Inc.*, 2017 WL 5665654, at *3-4 (N.D. Cal. Nov. 27,

13   2017) (finding allegations that plaintiffs would "likely" purchase products in the future failed to

14   adequately plead standing to seek injunctive relief).

15       Here, Plaintiffs seek to enjoin Apple "from selling and marketing" Powerbeats. (¶ 27(p).) Yet,

16   each only alleges that if the Powerbeats "functioned as advertised" or if the Court issued an injunction

17   they would "likely" purchase the earphones in the future. (*See* ¶¶ 70-155.) But, Plaintiffs do not allege

18   that they currently encounter Apple's marketing, nor that they are currently seeking to purchase

19   Powerbeats. Plaintiffs' demand for injunctive relief should be dismissed.

20   **VI.    CONCLUSION**

21       Apple respectfully requests that the Court grant its motion to dismiss without leave to amend.

22   Plaintiffs already amended their complaint once and any further amendment would be futile.

23   Dated:        January 24, 2018            COOLEY LLP

24                                            By:          */s/ Michelle C. Doolin*
25                                                  Michelle C. Doolin (179445)

                                              Attorneys for Defendant APPLE INC.
26

27

28

25.

**APPENDIX A**

| Count | Claim | Basis for Dismissal[1] |
|---|---|---|
| **Count I** | Breach of Express Warranty—Magnuson Moss Warranty Act<br><br>(All Plaintiffs) | (1) Plaintiffs fail to state breach of warranty claims under state law; and (2) consolidated complaint does not have 100 named plaintiffs. |
| **Count II** | Express Warranty<br><br>(All Plaintiffs) | (1) no notice to Apple; (2) water, sweat and battery statements do not create express warranties; (3) design defects not covered by limited warranty; (4) no breach of limited warranty; (5) no reliance (Zepeda, Ivy, and Rodenbeck); and (6) insufficient allegations that issues caused by battery or water/sweat resistance. |
| **Count III**<br><br>**(In the Alternative)** | Breach of Express Warranty – 13 Pa. Stat. and Cons. Stat. Ann. § 2313, 810 Ill. Comp. Stat. Ann. 5/2-313, and the Fla. Stat. Ann. § 672.313<br><br>(Zielinski, Rodenbeck, and Ivy) | (1) no notice to Apple; (2) water, sweat and battery statements do not create express warranties; (3) design defects not covered by limited warranty; (4) no breach of limited warranty; (5) insufficient allegations that issues caused by battery or water/sweat resistance; (6) no reliance (Ivy and Rodenbeck); and (7) no privity (Ivy and Rodenbeck). |
| **Count IV**<br><br>**(In the Alternative)** | Breach of Express Warranty – Tex. Bus. & Com. Code § 2.313<br><br>(Bizzelle) | (1) no notice to Apple; (2) water, sweat and battery statements do not create express warranties; (3) design defects not covered by limited warranty; (4) no breach of limited warranty; (5) insufficient allegations that issues caused by battery and water/sweat resistance; and (6) no privity. |
| **Count V** | Breach of the California Song-Beverly Act – Implied Warranty of Merchantability<br><br>(All Plaintiffs) | (1) failure to plead California purchase (Ivy, Okorocha, Zielinski, Rodenbeck, and Bizzelle); and (2) lack of facts that earphones are not merchantable. |

---

[1] Each basis for dismissal is applicable to all defendants asserting each claim unless otherwise noted.

| Count | Claim | Basis for Dismissal[1] |
|---|---|---|
| **Count VI** | Implied Warranty of Fitness for a Particular Purpose<br><br>(All Plaintiffs) | (1) failure to state purpose different than ordinary purpose; (2) lack of facts that earphones not suitable for purpose; and (3) if premised on the Song Beverly Consumer Warranty Act, failure to plead California purchase (Ivy, Okorocha, Zielinski, Rodenbeck, and Bizzelle) or in the alternative no notice or privity. |
| **Count VII** | Breach of Implied Warranty — The Magnuson-Moss Warranty Act<br><br>(All Plaintiffs) | (1) plaintiffs fail to state breach of warranty claims under state law; and (2) consolidated complaint does not have 100 named plaintiffs. |
| **Count VIII**<br><br>**(In the Alternative)** | Breach of Implied Warranty of Merchantability Under 13 Pa. Con. Stat. Ann. § 2314, Florida Under Fla. Stat. Ann. § 672.314, and 810 Ill. Comp. Stat. Ann. 5/2-314<br><br>(Zielinski, Ivy, and Rodenbeck) | (1) lack of privity (Ivy and Rodenbeck); and (2) lack of notice and facts that earphones are not merchantable. |
| **Count IX**<br><br>**(In the Alternative)** | Breach of Warranty Against Redhibitory Defects<br><br>(Okorocha) | (1) no notice to Apple; and (2) lack of facts that earphones are not merchantable. |
| **Count X**<br><br>**(In the Alternative)** | Breach of Warranty of Merchantability Under Tex. Bus. & Com. Code §2.314<br><br>(Bizzelle) | (1) lack of facts that earphones are not merchantable; and (2) no notice to Apple. |
| **Count XI**<br><br>**(In the Alternative)** | Breach of Implied Warranty of Fitness for a Particular Purpose Under 13 Pa. Con. Stat. Ann. § 2315, Fla. Stat. Ann. § 672.315, 810 Ill. Comp. Stat. Ann. 5/2-315, and Tex. Bus. & Com. Code §2.315<br><br>(Zileinski, Ivy, Rodenbeck, and Bizzelle) | (1) lack of privity (Ivy and Rodenbeck); (2) failure to state purpose different than ordinary purpose; and (3) lack of notice and facts that earphones not suitable for purpose. |

| Count | Claim | Basis for Dismissal[1] |
|---|---|---|
| **Count XII** | Violation Of the Consumers Legal Remedies Act<br><br>(All Plaintiffs) | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) no reliance on durability statements; (4) no reliance on battery and sweat/water resistance statements (Zepeda, Ivy, Rodenbeck); (5) no causation; (6) no bait and switch advertising; and (7) no notice. |
| **Count XIII** | Violation Of the Unfair Competition Law<br><br>(All Plaintiffs) | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) no reliance on durability statements; (4) no reliance on battery and sweat/water statements (Zepeda, Ivy, Rodenbeck); and (5) no causation. |
| **Count XIV**<br><br>**(In the Alternative)** | Violation of Florida Consumer Protection Laws<br><br>(Ivy) | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) no reliance; and (4) no causation. |
| **Count XV**<br><br>**(In the Alternative)** | Violation of Pennsylvania Consumer Protection Laws<br><br>(Zielinski) | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) no reliance on durability statements; and (4) no causation. |
| **Count XVI**<br><br>**(In the Alternative)** | Violation of Illinois Consumer Protection Laws<br><br>(Rodenbeck) | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) no reliance; and (4) no causation. |
| **Count XVII** | Common Law Fraud<br><br>(All Plaintiffs) | (1) failure to plead with specificity under Rule 9(b); (2) no actionable representations or omissions; (3) no reliance on durability statements; (4) no reliance on battery and sweat/water statements (Zepeda, Ivy, Rodenbeck); and (5) no causation. |
| **Count XVIII** | Negligence<br><br>(All Plaintiffs) | (1) claims are barred under economic loss doctrine because Plaintiffs do not allege personal injury or damage to other property |